## KENNEDY v. CRESWELL.

A bill filed by A. for himself and other creditors against B., executor of C., and the devisees of the latter, alleged that C. was indebted to him, that the personal assets were insufficient to pay the debts, and that B. was paying some of them in full and leaving others unsatisfied. It prayed for an account of the personal estate, the application thereof to the payment of the debt, and the discovery of the real estate whereof C. died seised. The defendants pleaded in bar that B. had in his hands assets sufficient to pay A.'s claim and all others. To this plea A. filed a replication. The proofs sustained the allegations of the bill, but showed those of the plea to be untrue. *Held*, 1. That A. was entitled to a decree as though the bill had been confessed or admitted. 2. That as by reason of B.'s admission of assets no discovery was required, a decree against him rendering him individually liable was proper. 3. That there is nothing in the local law of the District of Columbia or in the jurisdiction of the Supreme Court of said District, sitting as a probate court, inconsistent with these rulings.

APPEAL from the Supreme Court of the District of Columbia.

The facts are stated in the opinion of the court.

*Mr. Richard T. Merrick* and *Mr. Martin F. Morris* for the appellant.

*Mr. Enoch Totten, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

The appellees filed a bill in equity for themselves and other creditors against the executor and the devisees of the will of James C. Kennedy, deceased, praying for an account of the personal estate of the testator, a discovery of his real estate, and the application thereof to the payment of his debts. The bill stated that the complainants were the holders of a note of the testator for $12,000, with interest, which was due and not paid; that the defendant, Harvey Kennedy, as executor, had proved the testator's will, and entered upon the execution thereof; that the personal property was insufficient to pay the debts, and that he was paying some debts in full and leaving others unsatisfied; and that the testator left a large amount of real estate, some of which is described and pointed out.

To this bill the defendants filed a plea, the material part of which is as follows: —

" That the executor aforesaid has in his hands assets of the estate of the said James C. Kennedy, deceased, amply sufficient to pay and discharge the claims of the complainants and all other claims that have been brought to his notice, and that he is ready and willing to pay the said claim of the complainants whenever and as soon as the same shall have been proved and established by a tribunal of competent jurisdiction according to law; but the said executor disputes the said claim, and denies the justice and validity thereof, and has for such cause rejected the same; and the said complainants have not sought in any manner to enforce the said claim against the said executor and the assets in his hands by proper proceedings at law:

" Wherefore, these defendants aver and plead the premises in bar of the complainants' bill; and they pray that the complainants be required to enforce their claim against the said

executor by proper proceedings at law, and they pray also the judgment of the court whether they (these defendants) should be compelled to make any further or other answer to the said bill, and that they be hence dismissed with their reasonable costs in this behalf wrongfully sustained."

To this plea the complainants filed a replication, and proceeded to prove the note held by them and its non-payment, and also produced in evidence the accounts filed by the executor in the office of the register of wills and the exceptions filed by the complainants thereto. In the executor's account he charged himself with assets to the amount of $31,794.62, and claimed credit for moneys paid and for commissions to the amount of $27,014.75, showing a balance in his hands of only $4,729.87. The defendants offered no testimony, and the court on final hearing made a decree that the executor should pay to the complainants the full amount of their claim. From this decree the executor appealed.

The appellant insists that, according to the rules of equity pleading, the complainants by taking issue on the plea admitted its sufficiency; and as the decree was based upon the admission of assets contained in the plea, it was an affirmation of its truth; and therefore it should have been in favor of the defendants, and the bill should have been dismissed.

This argument is very ingenious, but it is not sound. The defendants not only failed to prove the truth of their plea, but, on the contrary, the complainants, by the executor's own sworn accounts, filed in the probate office, proved, so far as such proof could go, that the plea was untrue. These accounts show that the executor had not sufficient personal estate in his hands to pay one-third of the complainants' claim alone. So that according to the strictest rules of equity pleading the complainants were entitled to a decree in their favor. The executor may have had sufficient assets in fact; but he did not see fit to disclose them, or prove that he had them. His admission that he had assets may be taken against him for the purpose of charging him with a liability, but it cannot serve him as evidence to prove the truth of his plea. His mere allegation cannot be received as proof of its own truth where the fact is directly in issue, and the burden of proof is on him.

Since, then, the complainants were entitled to a decree, the question is, what decree? If a defendant plead a false plea, and it be so found, what is next to be done? Is it to be merely overruled, and an order made that he answer further, as in case of overruling a demurrer, or of overruling a plea for insufficiency? This is not the usual course. Having put the plaintiff to the trouble and delay of an issue, the defendant cannot, after it is found against him, claim the right to file an answer; although, if the complainant desires a discovery, which the plea sought to avoid, he may undoubtedly insist upon it. But that is the complainant's right, not the defendant's. Lord Hardwicke said: "All pleas must suggest a fact; it must go to a hearing; and if the party does not prove that fact which is necessary to support the plea, the plaintiff is not to lose the benefit of his discovery, but the court may direct an examination on interrogatories in order to supply that." *Brownsword* v. *Edwards*, 2 Ves. 243. This statement is adopted by Lord Redesdale, Mr. Beames, and all subsequent writers on equity pleading. Mitf. (4th ed.) 302; Beames, Pleas in Equity, 318; Story, Eq. Pl., sect. 697. If the plea is found to be false, it would seem to be just and equitable that the case should stand as if the defendant had admitted the allegations of the plaintiff. Sir Thomas Plumer states the matter thus: "Supposing a plea to be correct in form, but proved false, it seems to be conceived that the course at the hearing is to take it up just as if there was no answer. That is not correct. Upon a plea found false the plaintiff is entitled to a decree; and if a discovery is wanted, the defendant is ordered to be examined upon interrogatories." *Wood* v. *Strickland*, 2 Ves. & Bea. 150. Chancellor Walworth, in a case before him, where the defendant produced no evidence to establish the truth of his plea, said: "Where a plea in bar to the whole bill is put in, if the complainant takes issue thereon he admits the sufficiency of the plea, and leaves nothing in question but the truth thereof. If at the hearing the plea is found to be true, the bill must be dismissed. But if the plea is untrue, the complainant will be entitled to a decree against the defendant in the same manner as if the several matters charged in the bill had been confessed or admitted. If a discovery is necessary to enable the com-

plainant to obtain the relief sought for by his bill, the defendant cannot evade answering by putting in a plea which turns out to be false. In such a case, after the plea is overruled as false, the complainant may have an order that the defendant be examined on interrogatories before a master as to the several matters in relation to which a discovery was sought by the bill." *Dows* v. *McMichael*, 2 Paige (N. Y.), 345.

In the present case, the complainants did not see fit to insist on a further discovery. Being entitled to a decree *pro confesso* as to the principal charges of their bill, and the executor having admitted sufficient assets to pay the debts of the estate, they were content to take a decree against him for the amount of the debt. The executor's admission, as we have before said, was a good ground for charging him with the liability, though he could not urge it as evidence in support of his plea. And as an admission of assets renders the executor personally liable, a decree against him was proper. The usual decree on a creditor's bill is for an account; but, as said by Vice-Chancellor Wigram in a similar case, "The reason for and the principle of the usual form of decree have no application where assets are admitted, for the executor thereby makes himself liable to the payment of the debt. In such a case, the other creditors cannot be prejudiced by a decree for the payment of the plaintiff's debt; and the object of the special form of the decree in a creditor's suit fails. . . . I am satisfied that in this case there ought to be a decree for immediate payment." *Woodgate* v. *Field*, 2 Hare, 211; Story, Eq. Jur., sect. 548 *a*. Had it been contended or shown in this case that the estate of the testator was insolvent, so as to require a *pro rata* payment among all the creditors, there might have been room for the objection that the ordinary decree was not made. But no such point is made in the case, and we think that the decree was properly rendered for the debt of the complainants alone.

As to the objection that the bill was not formally dismissed as to the devisees, we do not think it can be raised here by the executor, who alone appealed from the decree.

The point taken by the appellant, that the court below, sitting as a court of equity, had no jurisdiction of the case, is not well taken. The authorities are abundant and well settled that

a creditor of a deceased person has a right to go into a court of equity for a discovery of assets and the payment of his debt. When there, he will not be turned back to a court of law to establish the validity of his claim. The court being in rightful possession of the cause for a discovery and account, will proceed to a final decree upon all the merits. *Thompson* v. *Brown,* 4 Johns. (N.Y.) Ch. 619; 1 Story, Eq. Jur., sect. 546; 2 Wms. Exrs. 1718, 1719. The allegations of the bill in this case were sufficient to give the court jurisdiction; and the accounts of the executor show that the complainants had reasonable cause for making those allegations. They went into the court for the discovery of assets; and the object of the bill was attained by the admission of the executor that he had sufficient assets. It would be strange indeed if that admission could be made a ground for depriving the court of its jurisdiction. If it could, the discovery, by proof of assets concealed by the executor, would have the same effect; and the result would be that a bill in equity could be defeated by proofs showing that there was good ground for filing it.

In conclusion, we will state that we have found nothing in the local law of the District of Columbia, or the jurisdiction of the Probate Court, that is, of the Supreme Court of the District acting as such, inconsistent with the views expressed.

*Decree affirmed.*