## LILIENTHAL and others *v.* WASHBURN.

*(Circuit Court, E. D. Louisiana.   1881.)*

1 PATENT—BILL IN EQUITY—PLEA TO JURISDICTION.

  To a bill in equity for infringement of letters patent, and by its sworn allegations fully vesting the court with jurisdiction, a sworn plea by the respondent, admitting the validity and infringement of the patents, but denying the jurisdiction, alleging a right to use the patented processes under a contract emanating from the only complainant in interest, and that such complainant is a citizen of the same state with himself, in the absence of further proof, *held, insufficient.*

2. PLEA—EVIDENCE—ADMISSIBILITY OF.

  *Ex parte* affidavits introduced without notice to complainant, or without tender of affiant for cross-examination, and writings under private signature unauthenticated, are inadmissible upon the hearing of such plea.

In Equity.   Suit on patent and for injunction.

PARDEE, C. J.   Joseph Wilson Swan, of Newcastle-on-Tyne, England; Claude L. Lambert, of Paris, France; and Theodore Lilienthal, of the city of New Orleans, bring their bill of complaint against William W. Washburn, a resident of the district of Louisiana, setting forth, among other things, their ownership of certain patented processes for printing photographs, the value and novelty of these inventions, and allege that the respondent, Washburn, is infringing on their patent-rights.   The complainants pray for an injunction *pendente lite,* and an account and damages, and a perpetual injunction.   On notice and hearing, the temporary injunction was allowed and issued.

March 1, 1880, the defendant filed a plea, substantially as follows:

That as to the alleged rights of the co-complainants of Theodore Lilienthal in the averred patents, and their sale thereof to said Lilienthal, as averred, and the validity, use, and effects of said averred patents, this defendant makes no contest, but he maintains that he has rights under contract in the use of said patents; that said contract emanates from said Theodore Lilienthal, one of the complainants herein, under date of fourth of January, 1879, to B. & G. Moses and their successors, and by said B. & G. Moses to this defendant, as their successor, on the twenty-third day of July, 1879, on file herein; that the co-complainants of said Theodore Lilienthal have no interest therein; that said Theodore Lilienthal was and is a citizen of the state of Louisiana when the bill of complaint herein was filed; and this defendant is and was at the same time a citizen of said state of Louisiana, and this court is not the proper court to take cognizance of the averred rights of Theodore Lilienthal and has no jurisdiction in the premises.

To this plea complainants, on the tenth of March, 1880, filed a replication.

On June 8, 1881, solicitor for complainants filed a motion for a final decree, on the grounds that by the plea the main facts of the bill were admitted, and that more than one year since issue was joined on said plea had elapsed, and that said defendant had taken no manner of proof in support of such plea, and had obtained no extension of time to take evidence under the rules of court. On June 15, 1881, on motion of solicitors for respondent, the said plea was set down for trial on June 18, 1881. On June 16, 1881, solicitor for complainants filed affidavit in support of his motion for a final decree. On June 18, 1881, the case was continued, and afterwards, on the twentieth and twenty-first of June, the plea and motion were set down for trial at the same time. On the trial, solicitors for respondent offered in support of his plea a writing under private signature purporting to be an assignment of certain patent-rights from Theodore Lilienthal to B. & G. Moses; a writing under private signature, to the same purport, from B. & G. Moses to W. W. Washburn, which had been acknowledged before a notary and two witnesses by the makers thereof; a number of *ex parte* affidavits taken prior to the filing of the plea and joining of issue thereon. All of the above had been offered and filed in the case on the hearing for a preliminary injunction, February 14, 1880. No notice of any intention to offer affidavits on the trial of the plea was shown to have been given to the complainants. The complainants filed a motion at once to suppress all the documents offered on various grounds, namely: for insufficiency of attestation, for want of notice, and for their *ex parte* character.

The first question presented to me is on the motion to suppress. Under the sixty-seventh, sixty-eighth, and sixty-ninth rules in equity it is doubtful whether, on the trial of an issue such as is tendered in this case, *ex parte* affidavits can be offered at all. If they can be, then it must be on notice to the adverse party and the tender of affiant for cross-examination.

"Witnesses who have made affidavits, or been examined *ex parte* before the examiner, are liable to cross-examination at the hearing. And when a party has given notice to read an affidavit, he will not be allowed to withdraw the affidavit and so prevent cross-examination. No affidavit or deposition filed or made before issue is joined in any cause will, without especial leave of the court, be received at the hearing thereof, unless within one month after issue joined, or such longer time as may be allowed by special leave of the court, notice in writing has been given, by the party intending to use the same, to the opposite party of his intention in that behalf." 1 Daniell, Ch. 888, 889.

The writing under private signature between Lilienthal and Moses

is certainly not admissible until genuineness is established. The contract between Moses and Washburn, having been acknowledged by the parties before a notary and two witnesses, may have the same effect as an authentic act and prove itself, (see La. R. C. C. art. 2242;) but it is immaterial, as it concerns only the parties to the act. The motion to suppress should be allowed for all but the last-mentioned document.

The case then stands on the issue joined on the plea, without evidence in support save the oath of Washburn to his plea, and the contract between Moses and Washburn; and the question is presented whether this court, being by the sworn allegations of the bill fully vested with jurisdiction in this cause, is ousted of jurisdiction by the unproved plea of respondent that he has rights under contract in the use of said patents emanating from one of the complainants; that the other complainants are without interest, and that the parties in interest are both citizens of Louisiana.

The respondent relies entirely on the case of *Hartell* v. *Tilghman*, 99 U. S. 547. In that case the want of jurisdiction was held from the averments of the bill, which set forth a contract of license, and by a divided court. If the plea in this case were proven, the case might stand as well as that of *Hartell* v. *Tilghman*; but not being proven, it would seem necessary to overrule it.

The case of *Littlefield* v. *Perry*, 21 Wall. 205, appears to come nearer this case on the question of jurisdiction. In that case there was a dispute between the assignor and assignee of a patent, not contesting the validity of the patent, and all the parties were citizens of the same state and a unanimous court maintained jurisdiction. At all events, I am satisfied that the plea in this case should be overruled. The plea having admitted the main facts alleged in the bill, and not being proved as to the matters alleged in avoidance, the complainants are entitled to a decree as though the bill had been confessed or admitted. See *Kennedy* v. *Creswell*, 101 U. S. 641. I allow the final decree more freely because I am satisfied that the matters set forth in the plea filed constitute the only defence the respondent has; and I am further satisfied that, if proven to its fullest extent, the complainants would still be entitled to a decree.

The alleged license from Lilienthal to Moses would probably be held to be personal and local, and not assignable. See *Troy Nail Co.* v. *Corning*, 14 How. 193; *Rubber Co.* v. *Goodyear*, 9 Wall. 788; *Emigh* v. *Railroad Co.* 2 Fish. Pat. Cas. 387.

The wording of the alleged contract shows the intention of the par-

ties to make the license local and personal. The stipulation at the end of the agreement looks to a further license from Lilienthal in case the Moseses should sell out or move. But be that as it may, the Swan patent set forth in the bill is not referred to in the document.

The decree is that Lilienthal is the owner of the Lambert process; that Washburn has infringed upon his rights, and must account for the profits which have accrued to him thereby; and that an injunction issue restraining the further use of the patent in controversy.