JOHNSON *v.* POWERS and another, Ex'rs, etc., and others

(*Circuit Court, N. D. New York.* August 2, 1882.)

1. EQUITY—CREDITOR'S BILL—TO REACH ASSETS OF ESTATE.

The creditor of a deceased person may go into a court of equity for a discovery of assets and the payment of his debt, and he will not be turned back to a court of law to establish the validity of his claim; and the court being in rightful possession of the cause for a discovery and account, will proceed to a final decree upon all the merits.

2. SAME—MULTIFARIOUSNESS.

A bill which seeks to reach the property, and its rents and proceeds, acquired by one of the defendants through alleged conspiracy and the property acquired by another defendant, also through an alleged conspiracy, is not multifarious.

3. SAME—DISCOVERY OF FRAUD A QUESTION OF FACT.

The defense that the plaintiff discovered the fraud more than six years before bringing suit, must be raised by plea or answer, so that the issue on the discovery may be tried as a question of fact.

*Francis Kernan,* for plaintiff.
*William F. Cogswell,* for defendants.

BLATCHFORD, Justice. 1. The bill is filed on behalf of the plaintiff individually, as a creditor of Stewart, and on behalf of other like creditors, and is not brought by him in his capacity of administrator of Stewart.

2. The debt of the plaintiff was *prima facie* established against the estate by the proceedings in Michigan. All the property of the estate everywhere has been reached and applied, except that in this suit. No judgment in any suit, but such a suit as the present, could reach that. No administrator of Stewart could bring such a suit, and no administrator could be appointed in New York. Under such circumstances, the case of *Kennedy* v. *Creswell*, 101 U. S. 641, is a direct authority that this bill will lie. In that case the plaintiffs were simple contract creditors of the deceased, and filed a bill against his executor and devisees of his real estate for an account of his personal estate and a discovery of his real estate, and the application thereof to the payment of his debts. There was a plea that although there were sufficient assets, the plaintiffs had not enforced their claim against the executor by proper proceedings at law. The court held that a creditor of a deceased person had a right to go into a court of equity for a discovery of assets and the payment of his debt, and would not be turned back to a court of law to establish the validity of his claim, and that the court, being in rightful possession of the cause for a discovery and account, would proceed to a final decree upon all the merits. The case of *Case* v. *Beauregard*, 101 U. S. 688, holds that where a creditor has a trust in his favor he may go into equity without exhausting legal processes or remedies; that if he avers insolvency, so that a suit at law and the recovery of a judgment would not afford any relief, that is enough to show there is a remedy in equity; and that the same is true where fraudulent conveyances are charged, and a privilege or lien on the property is claimed, and there is a prayer that the conveyances be declared void and the property be made liable to pay the amount due to the plaintiff.

3. It is objected that Powers has no interest in Congress Hall or in Congress Hall barn; that no defendant except Powers has any connection with the Irondequash property; that Mrs. Powers has no concern with the Washington-street property; and that the executors of Craig have no concern with any of the property, except the rents from Congress Hall. The *gravamen* of the bill is the alleged fraudulent conspiracy between Stewart, John Craig, and Powers to defraud the creditors of Stewart. The bill seeks to reach the property, and its rents and proceeds, acquired by John Craig through such alleged

conspiracy, and also the property acquired by Powers through the same. Such a bill is not multifarious.

4. On the allegations in the bill it is not manifest that the widow or heirs of Stewart are necessary parties. There is no allusion in the defendants' brief to this ground of demurrer.

5. The allegations of the bill are such that the defense that the plaintiff discovered the fraud more than six years before this suit was brought, must be raised by plea or answer, so that the issue on the discovery may be tried as a question of fact.

The demurrer to the bill is overruled, with costs, and the defendants demurring are assigned to answer the bill by the rule day in October next.