## ARTHUR L. HOUSTON

### *v.*

## Executor of the Will of JOHN LEVY, and LOUIS LEVY and others.

1. Where a judgment at law was recovered against an executor for his testator's *tort*, and there is a deficiency of personal assets to pay the judgment, a bill in equity will lie against the heirs and devisees to subject real estate descended, to that payment.

2. In such a suit, where there is question under the will, whether the real estate was devised in trust for certain *cestuis que trustent* for life and thereafter for their children, or whether it descended to the testator's heirs at law, and the heirs at law, trustee and *cestuis que trustent* for life, in present enjoyment,

---

are before the court, the court will not delay the complainant's relief to settle the question of title.

3. To the settlement of the question of title the *cestuis que trustent* in remainder are necessary parties, while they are not necessary parties to the complainant's suit.

On bill, answer, replication and state of facts agreed upon.

*Mr. Gilbert Collins,* for the complainant.

*Mr. H. T. M. Beekman* and *Mr. J. N. Voorhees,* for the executor of John Levy.

*Mr. W. W. Anderson,* for the heirs of John Levy.

THE CHANCELLOR.

In 1885 the complainant recovered a judgment for $8,000 in the supreme court of this state, against the executor of the will of John Levy, because of personal injuries that he had sustained through the negligence of the testator. Upon this judgment execution was issued and duly returned unsatisfied. The personal estate of John Levy was exhausted. It is alleged that all his debts have been paid. There remains in the custody of the executor as trustee under the will for the testator's children and their issue, real estate of value more than sufficient to pay the complainant's judgment. The bill is filed to secure the application of the land to the payment of the judgment. It is insisted, in behalf of the executor, that the complainant should have pursued the remedy afforded him by the seventy-ninth section of the orphans court act (*Rev. p. 769*), (e) and that having such remedy at law, he is precluded from recourse to this court.

(e) *Rev. p. 769 ¿ 79—*

When any creditor shall have obtained judgment against an executor or administrator, and the execution issued on the same shall remain unsatisfied in whole or in part, for want of personal estate to be levied on and sold, and there is real estate, the creditor or his legal representative (if the executor or administrator, being thereto required, shall neglect or refuse to take proceedings to obtain a sale thereof according to law, for the space of one month after being so required), may apply to the orphans court to order such sale to be

Houston *v.* Levy.

In behalf of the heirs-at-law it is claimed that the provisions of the will, under which the executor holds the real estate, are void, and that the lands descended to them and cannot be reached in this suit and applied to the payment of the judgment.

It is abundantly and well settled that a creditor, with an established claim against an estate, may come into a court of chancery, against an executor, for discovery and distribution of assets; and that he may have a bill against heirs and devisees to subject real estate descended, there being a deficiency of personal assets, to the payment of the decedent's debts. *Thompson* v. *Brown, 4 Johns. Ch. 619; Kennedy* v. *Creswell, 101 U. S. 641; Mallory* v. *Craige, 2 McCart. 73; Coddington* v. *Bispham, 9 Stew. Eq. 574.*

The remedy which the seventy-ninth section of the orphans court act (*Rev. p. 769*), affords is merely cumulative to the remedy in equity, and does not deprive the court of chancery of its original jurisdiction in a case of this kind. *Salter* v. *Williamson, 1 Gr. Ch. 480; King* v. *Berry, 2 Gr. Ch. 44; Van Mater* v. *Sickler, 1 Stock. 483; Clarke* v. *Johnston, 2 Stock. 287; Frey* v. *Demarest, 1 C. E. Gr. 236; Dorsheimer* v. *Rorback, 8 C. E. Gr. 46; Coddington* v. *Bispham, 9 Stew. Eq. 574.*

It is not necessary to the determination of this case, that I shall pass upon the question whether the provisions of the will, under which the executor holds the real estate, are void. If they are not void he holds the real estate in trust to give the income therefrom to the testator's heirs-at-law for life, and thereafter to their children; if they are void the heirs-at-law are entitled now to the land. In either case, all the parties necessary to the determination of the complainant's case are before the court.

The trustee, and the *cestuis que trustent*, who are now in the

made; and the said court, upon due notice given to said executor or administrator of such application, shall examine the circumstances of the case, and if it appears that the said debt, or any part thereof, is unpaid, and the personal estate deficient as aforesaid, and no sufficient cause being shown to the contrary, the said court shall make such order to show cause in the name of such executor or administrator as is above mentioned; and such further proceedings shall be had as is above prescribed in relation to the sale of real estate where the personal estate is insufficient to pay debts.

enjoyment of the income from the property, sufficiently represent the estate, if the provisions of the will are valid. *Story's Eq. Pl. § 144 et seq.*

The complainant is entitled to have his judgment paid out of the real estate, and should not be delayed until the adverse claims of the defendants may be settled. Before such settlement can be had it is apparent that other parties, in interest under the will, must be brought before the court. They are not sufficiently represented either by the trustee or the *cestuis que trustent*, now parties to this suit, upon the question whether the trust is void.

As is usual in cases of this kind, there will be a reference to a master to state the account of the debts and credits of the estate, giving such reasonable notice as he may deem proper for the creditors to come in and prove their debts. *Mallory* v. *Craige, 2 McCart. 73 ; Thompson* v. *Brown, 4 Johns. Ch. 619.*