# ADRIAANS *v.* LYON.

EQUITY PRACTICE; PLEAS; RIGHT OF DEFENDANT TO ANSWER AFTER PLEADING FALSE PLEA; REHEARING.

1. A plea in equity always suggests a fact, and that fact is generally extraneous to the bill; and the fact so suggested, in order to constitute a good plea, must be true, and sufficient in law, if true, to bar the relief sought by the complainant.
2. Where issue joined upon plea to a bill in equity is found in favor of complainant, the court may proceed at once to a decree; or, if the complainant requires discovery, may, previously to the decree, enforce such discovery and authorize interrogatories to be propounded to the defendant for the purpose.
3. And in such case, the defendant, upon his plea being found to be false, is not then entitled to have his answer to the bill of complaint.
4. Equity Rule 31 of the Supreme Court of the District has no relation to the case of a plea found to be false upon issue joined and testimony taken in regard to it; but applies only where a plea has been set down for hearing on its sufficiency in point of law and has been thereupon overruled, in which case the defendant may answer in the same manner as upon the overruling of a demurrer.
5. An application for a rehearing or for modification of a judgment or decree of this court, made after the expiration of the fifteen days limited therefor by Rule 22, will not be entertained.

No. 560. Submitted April 30, 1896. Decided May 12, 1896.

HEARING on an appeal by the defendant from a decree for complainant in a suit to enforce a decree for a specific sum of money rendered in another equity proceeding. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is a proceeding in equity by a creditor to enforce a decree for a specific sum of money rendered in his favor in another equity proceeding. Both the parties had been defendants in the former proceeding, and upon the payment of the costs in that proceeding by the appellee, Isaac S. Lyon,

it was adjudged and decreed that Lyon should have execution therefor against his co-defendant, the appellant, John H. Adriaans. It seems that no property of Adriaans was found that could be subjected to an ordinary execution, and accordingly the appellee, Lyon, filed his bill of complaint in this case to reach the equitable interest which the appellant, Adriaans, was alleged to have in a lot of ground designated as Lot 80, in section 8, of the sub-division of Saint Elizabeth, known as Barry Farm, in the District of Columbia, for the satisfaction of the decree, the amount of which was only $143.45. In the bill of complaint this lot was alleged to be the property of the defendant, here the appellant, Adriaans, subject to a deed of trust by way of mortgage given by him to secure the payment of the sum of $200, to one John R Mills, who, together with the trustees in the deed, were made defendants to the bill of complaint, and the usual process was prayed.

As a defence to the bill of complaint, the defendant interposed three pleas, all being pleas of payment differently stated, payment, however, by a third party, whose connection with the affair does not fully appear from the record before us. Upon these pleas, after amendment of the third of them, the complainant joined issue ; and upon that issue considerable testimony seems to have been taken by both parties, which testimony, however, does not appear in this record.

The cause came on for hearing on the bill of complaint, the defendant's several pleas and the testimony so taken ; and the court, upon consideration thereof, overruled the pleas, and authorized the complainant to file interrogatories to be answered within a specified time by the defendant.

Interrogatories accordingly were filed, mainly directed towards the ascertainment of the precise condition of the title to the property sought to be reached and the value of the equitable interest of the defendant therein. To these interrogatories the defendant made no specific answers. He merely answered generally that he had no equitable interest.

in the property to which the decree for costs could attach as a lien.    And then, in the same paper, and even as part of the same sentence, purporting " further to answer the bill of complaint herein," he entered into a statement with reference to some promissory notes and some transactions between the complainant, Lyon, and some other persons, which statement on its face is wholly meaningless and unintelligible, and without application to the present controversy, although it seems to have some connection with the matter previously set up in the pleas.

Upon exceptions filed by the complainant to the insufficiency of the defendant's answers to the interrogatories, the court ordered the defendant to file a fuller and more complete answer ; and also to answer another interrogatory then filed to ascertain the facts in regard to a conveyance of the property made by the defendant during the pendency of the suit.    The defendant answered the interrogatories categorically, but evasively ; and also reiterated the substance of his answer to the bill of complaint itself to which we have referred.    Again exceptions were taken for insufficiency ; and the exceptions were sustained.    But instead of directing a further answer by the defendant, or committing him for contempt of court, the court adjudged that all the matters averred and made the subject for answer by said interrogataries should be taken as confessed as against the defendant, Adriaans.

Adriaans, a few days afterwards, made application to the court for an order limiting the time in which to take testimony in respect of the ownership of the property constituting the subject-matter of the suit, which application was refused.

Thereafter, in due time, the court made final the decrees *pro confesso* that had been taken in the case, and adjudged and decreed a sale of the property mentioned in the proceedings for the satisfaction of the complainant's claim, subject to the amount due under the deed of trust mentioned in the bill of complaint.  From this decree the defendant, Adriaans, has prosecuted the present appeal.

During the pendency of the cause in this court the appellee suggested a diminution of the record, and upon his motion a writ of *certiorari* was allowed to supply the deficiency, which mainly consisted, as it seems, in the omission of the testimony taken under the issue joined on the pleas. Thereupon the appellant moved to quash the writ, and at the hearing of that motion it was agreed in open court between the parties that the defendant's pleas and the proceedings in connection therewith should be stricken from the record, and that thereupon the writ of *certiorari* should be recalled, which was accordingly done.

*Mr. J. H. Adriaans* and *Mr. Hayden Johnson* for the appellant.

*Mr. Isaac S. Lyon* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

It is very clear to us that there is no merit in the appeal in this case ; and we would be disposed to affirm the decree appealed from in brief terms were it not that a question of practice is presented which it is important to settle.

The appellant claims that by his alleged answer to the bill of complaint, which was combined with his first answer to the complainant's interrogatories, he was entitled to an issue and to have testimony taken or to have that answer considered at the hearing. This is a misapprehension of the law and of the rule of the Supreme Court of the District of Columbia upon which the contention is based. That rule, which is Rule No. 31 of the Equity Rules of the Court, provides as follows :

"If, upon the hearing, any demurrer or plea is overruled, the plaintiff shall be entitled to his costs, &c. And upon such overruling the defendant shall answer the bill, or so much thereof as was covered by the plea or demurrer, at the next succeeding rule day," &c.

And in connection with this Rule No. 30 of the same Equity Rules may also be cited, which is as follows :

" The plaintiff may set down the demurrer or plea to be argued or he may take issue upon the plea. If, upon an issue, the facts stated in the plea be determined for the defendant, they shall avail him as far as in law and equity they ought to avail him."

The doctrine in regard to pleas in equity is fully stated by Mr. Justice BRADLEY, speaking for the Supreme Court of the United States, in the case of *Kennedy* v. *Creswell*, 101 U. S. 641, in which the principal authorities on the subject are cited. There it was said:

" If a defendant plead a false plea, and it be so found, what is next to be done? Is it to be merely overruled and an order made that he answer further, as in case of over-ruling a demurrer or of overruling a plea for insufficiency? This is not the usual course. Having put the plaintiff to the trouble and delay of an issue, the defendant cannot, after it is found against him, claim the right to file an answer, although, if the complainant desires a discovery, which the pleas sought to avoid, he may undoubtedly insist upon it. But that is the complainant's right, not the defendant's. Lord HARDWICKE said: 'All pleas must suggest a fact; it must go to a hearing, and if the party does not prove that fact which is necessary to support the plea, the plaintiff is not to lose the benefit of his discovery, but the court may direct an examination on interrogatories in order to supply that.' *Brownsword* v. *Edwards*, 2 Ves. 243. This statement is adopted by Lord Redesdale, Mr. Beames and all subsequent writers on equity pleading. Mitf. (4th Ed., 302; Beames, Pleas in Equity, 318; Story's Eq. Pl., sec. 697. If the plea is found to be false, it would seem to be just and equitable that the case should stand as if the defendant had admitted the allegations of the plaintiff. Sir THOMAS PLUMER states the matter thus: 'Supposing a plea to be correct in form, but proved false, it seems to be conceived that the course at the hearing is to take it up just as if there was no answer. That is not correct. Upon a plea found false the plaintiff is entitled to a

decree; and if a discovery is wanted, · the defendant is ordered to be examined upon interrogatories.' *Wood* v. *Strickland*, 2 Ves. & Bea. 150. Chancellor WALWORTH, in a case before him, where the defendant produced no evidence to establish the truth of his plea, said : ' Where a plea in bar to the whole bill is put in, if the complainant takes issue thereon, he admits the sufficiency of the plea, and leaves nothing in question but the truth thereof. If, at the hearing, the plea is found to be true, the bill must be dismissed. But, if the plea is untrue, the complainant will be entitled to a decree against the defendant in the same manner as if the several matters charged in the bill had been confessed or admitted. If a discovery is necessary to enable the complainant to obtain the relief sought for by his bill, the defendant cannot evade answering by putting in a plea which turns out to be false. In such a case, after a plea is overruled as false, the complainant may have an order that the defendant be examined on interrogatories, before a master, as to the several matters in relation to which a discovery was sought by the bill.' *Dows* v. *Mc-Michael*, 2 Paige, 345."

A plea in equity is an unusual proceeding ; and its functions are not always well understood. Those functions are very different from the functions of a plea at common law. As Lord HARDWICKE said, in the case of *Brownsword* v. *Edwards, supra,* it always suggests a fact ; and that fact is generally extraneous to the bill—such, for example as payment and satisfaction of a claim ; or the allegation of the bar of the statute of limitations, when the conditions are such that advantage of the statute cannot be had by demurrer ; or an allegation that a contract relied on by a complainant, which may be affected by the statute of frauds, is not in writing and is therefore void under that statute. The fact so suggested, in order to constitute a good plea, should be true, and sufficient in law, if true, to bar the relief sought by the complainant. If the complainant conceives it to be sufficient in law, or if, after having been set

down for hearing on the question of such sufficiency, the court sustains it as sufficient, the complainant, if he would further prosecute the litigation, has no other course open to him but to join issue upon it, and to proceed to take testimony as to the truth of the fact alleged, in the same manner as upon issue joined after answer. If the issue is found in favor of the defendant, the bill of complaint will be dismissed; but if the issue is found in favor of the complainant, the court may proceed at once to a decree; or, if the complainant requires discovery, the court may, previously to the decree, enforce such discovery and authorize interrogatories to be propounded to the defendant for the purpose. And this course was pursued in the present case. .

The defendant, upon his plea being found to be false, is not then entitled to have his answer to the bill of complainant. That is the rule enunciated in the case of *Kennedy v. Creswell, supra,* and the authorities there cited; and the Rule 31, of the Supreme Court of the District of Columbia, cited in opposition thereto by the appellant, has no such force and effect as is claimed for it. That rule or an equivalent rule was in force at the time the case of *Kennedy v. Creswell* was decided. It is identical with Rule 34 of the rules provided by the Supreme Court of the United States for the government of the equity courts of the United States; and could not therefore have been ignored in the determination of that case. The purport of the rule is that, when a plea has been set down for hearing on its sufficiency in point of law, and has been thereupon overruled, the defendant should answer, in the same manner as upon the overruling of a demurrer. But it has no relation to the case of a plea being found to be untrue upon testimony adduced in regard to it.

The untenable character of the defendant's contention is demonstrated by the palpable absurdity to which it would lead in the present case. He argues very justly that whatever a defendant may interpose as a defence by way of plea he may set up in an answer; and what he here insists upon

as an answer, which he claims should have been considered by the court below, apparently is no more than he set forth in one of his three pleas.   This pretended answer, we may remark, is unintelligible without reference to the previous pleas ; and as those pleas have been stricken from the record, it does not seem that they should be resorted to in order to render the answer intelligible.   But assuming that they might be resorted to for that purpose, we find, as we have stated, that this alleged answer is no more than a reiteration of the matter set forth in one of these pleas.   Now, it would be absurd to hold that, if a plea has been litigated and testimony taken in regard to it, and upon such testimony the court has found the plea to be false, the same precise issue may be litigated over again in the same suit, upon the interposition of a paper, which is called an answer, containing the same precise matter that was contained in the plea, and nothing more.   If the general purpose of the rule of the Supreme Court of the District of Columbia could be held to have been as claimed by the appellant, it would be a trifling with justice to allow it that effect in the present case.

The point is also made by the appellant that he ought to be excused from answering more fully than he did the interrogatories propounded to him, on the ground that he had purchased the property in question as trustee for an alien, whose name he does not give ; and in his brief he states that he was attorney for such alien, although nothing of the kind appears in the record.   It is sufficient to say in regard to this contention that the interests of his client could be better protected by a full and candid answer to the interrogatories ; and that a suggestion, which involves the admission of an attempt by him and his client to evade the laws of the United States with regard to the holding of real estate by aliens, is not a very satisfactory answer to a just claim of indebtedness.

We are of opinion that the decree of the Supreme Court of the District of Columbia in this case is right, and should be *affirmed with costs.   And it is so ordered.*

On September 26, 1896, *Mr. Adriaans,* for the appellant, filed a motion to recall the mandate in this cause, for a rehearing of the appeal, and for a modification of the decree of this court.

On October 8, 1896, the motion was denied, Mr. Justice MORRIS delivering the opinion of the Court:

On September 26, 1896, the appellant, John H. Adriaans, filed in this cause a petition for the recall of the mandate of the court issued therein, for a rehearing of the appeal, and for a modification of the decree of the court upon the appeal. The ground alleged for the application is that the decision of the Supreme Court of the United States in the case of *Farley* v. *Kittson,* 120 U. S. 303, overruled the doctrine stated in the previous case of *Kennedy* v. *Creswell,* 101 U. S. 641, in the same tribunal, upon which our decision in the present case is assumed to have been based; and in support of the petition is filed an affidavit of the appellant to the effect that the decision in the case of *Farley* v. *Kittson* only became known to him about the first day of September, 1896, when he came upon it casually.

As the decision of this court in this case was rendered on May 12, 1896, it is quite evident that the fifteen days allowed by the 22d rule of this court for the filing of petitions for the rehearing of causes, or the modifications of judgments or decrees, expired long before the present application was made, and that the application comes too late and should not be entertained. But even if the petition had been filed in time, it presents no ground for the modification of our decree, in the making of which the court did not fail to take into consideration the case of *Farley* v. *Kittson.* The appellant is mistaken in supposing that this latter case overrules the doctrine stated with so much elaboration in the case of *Kennedy* v. *Creswell* by the same court through Mr. Justice BRADLEY.

In the case of *Farley* v. *Kittson* a bill in equity had been

filed to enforce a certain contract, and for a discovery of profits under the contract and an accounting. As a defence to the bill the defendants interposed a plea, upon the truth of which the complainant joined issue by filing a replication to it. Some testimony, deemed wholly insufficient by the Supreme Court, was taken in support of the plea. The lower court held the contract sued on to be illegal, and therefore sustained the plea and dismissed the bill. This decision the Supreme Court reversed, held the plea to be wholly unsupported by the testimony, and remanded the cause, with directions to overrule the plea, and to direct the defendants to answer the bill. As will be noticed, discovery was required in the case by the complainant, and such discovery was necessary for the relief for which he prayed. It was for the purpose of this discovery that the defendants, after their plea had been overruled as unfounded, were required to answer. Their answer might well have been by way of response to interrogatories propounded to them, as was done in the present case.

But the right of a complainant to enforce discovery by the requirement of an answer, which it was sought to avoid by the interposition of an unfounded plea, does not involve any right on the part of a defendant to defend by way of answer, after an unfounded plea has been overruled. It was this claim on the part of a defendant that was repudiated in the case of *Kennedy* v. *Creswell.* It was the right of a complainant to discovery, after false plea adjudicated, that was held in the case of *Farley* v. *Kittson.* The two cases are in no manner antagonistic. On the contrary, we think that the later decision reinforces the earlier one.

*The motion of the appellant must be denied; and it is so ordered.*