EARLL v. METROPOLITAN ST. RY. CO.

(Circuit Court, S. D. New York. April 19, 1898.)

EQUITY PLEADING—ISSUE OF FACT UPON TRAVERSE TO PLEA—EFFECT OF FINDINGS.

Where an issue of fact upon traverse of a plea to a bill in equity is found for the complainant, he is entitled to a decree; but if such issue be found in part for each party, the defendant, under the thirty-third equity rule, is entitled to the benefit of the facts so found for him, and the decree must be limited accordingly.

This was a suit in equity by Charles I. Earll against the Metropolitan Street-Railway Company for an injunction and an account for alleged infringement of letters patent No. 520,259, granted to complainant, May 22, 1894, for a grip mechanism for cable railways. The cause was heretofore heard and decided on a traverse of a plea. 85 Fed. 214.

James C. Chapin and Esek Cowen, for plaintiff.

Frederic H. Betts and Samuel B. Clarke, for defendant.

WHEELER, District Judge. The motion of the defendant for leave to put in evidence a resolution of the common council of the city of New York adopted November 13, 1889, authorizing the use of cable power on the Broadway Line to South Ferry, in connection with chapter 259 of the Acts of the Legislature of New York, approved May 1, 1890, confirming the same, is granted, to make the record herein complete, and the copies thereof attached to the motion papers are allowed to be filed and are considered as a part of the evidence in support of the plea herein. These proceedings appear to show that at the time of the arrangement in respect to the plaintiff's patent the Broadway & Seventh Avenue Railroad Company had the right to put in cable power down Seventh avenue and Broadway to Bowling Green, and the South Ferry Railroad Company the same right from there to South Ferry, but not that the Broadway & Seventh Avenue Company had any right to put in cable power from Bowling Green to South Ferry. It could run its cars over that part of the South Ferry Line, and, if the South Ferry Company had put in cable power, perhaps it could have run its cable cars there, but it could not then put in a cable with which to run any cars there. That right belonged to the South Ferry Company. The work then being done corresponded with these respective rights. The situation to which the understanding as to the use of the plaintiff's inventions was to apply is therefore the same as before, with the same limitation as to extent and with the same result, when the understanding is applied to it, as it was, in respect to the then existing rights.

Question is made about the effect of the finding of fact upon the traverse of the plea that, as to a part of the alleged infringement of the plaintiff's patent, it is not sustained by the evidence, but must fail. In Kennedy v. Creswell, 101 U. S. 641, the authorities were reviewed by Mr. Justice Bradley, and a decree in chief founded upon a finding of an issue of fact joined by traverse of a plea, in favor of the plaintiff, was affirmed. That would be, of course, sufficient authority for a decree in chief here for relief against that infringement. But Farley v. Kittson, 120 U. S. 303, 7 Sup. Ct. 534, where the authorities, with the rules in equity, are again reviewed by Mr. Justice Gray, is cited and relied upon to the contrary. The law of equity pleading is not there stated differently from that stated by Mr. Justice Bradley, but the decree, which was for the defendant, was reversed, and the case was remanded, with directions to overrule the plea, and to order the defendants to answer the bill, and this direction is different from the decree affirmed in the former

87 F.—34

case. But in the latter case the plea was said to consist of three parts: "First, a restatement in detail of some of the facts alleged generally in the bill." The issue of fact found for the plaintiff, on a stipulation, is said to have related to this first part of the plea, and the second and third parts are said to have been mere matters of law arising on the bill. So the case stood somewhat as if the bill had been demurred to, or the plea had been set down for argument, whereby the part found would, in either way, have stood admitted. Thereupon the justice said that the question argued was not presented by the record, and that, "as suggested in behalf of the plaintiff at the reargument, the plea was erroneously sustained, and must be overruled, and the defendants ordered, in accordance with the thirty-fourth rule in equity, to answer the bill." The requirement to answer may have been made at the request of the plaintiff for further discovery, as well as because of the form of the plea and the limited finding. This case does not overrule the former one expressly, and, as here understood, does not do so impliedly. In Elgin Wind-Power & Pump Co. v. Nichols, 65 Fed. 215, 12 C. C. A. 578, since both of these cases, a final decree in a cause on a patent founded on a finding for the plaintiff of an issue joined by traverse of a plea was affirmed by the circuit court of appeals of the Seventh circuit.

In this case the substance of the plea is that the invention was so made in the defendant's employment, and the patent was so procured at its expense, that it has an implied right, under the patent, like a territorial right to the extent of its roads, to use the invention in the construction and operation of its roads. This impliedly admits the existence and validity of the patent. The right of the defendant as to some of its roads is found on the traverse of the plea in its favor, and as to some in favor of the plaintiff. The thirty-third equity rule provides that "if upon an issue the facts stated in the plea be determined for the defendant they shall avail him as far as in law and equity they ought to avail him." As the plea is pleaded to the whole bill, and is not sustained to the whole, perhaps, but for this rule, the plaintiff would, without leave to the defendant to amend, be entitled to a decree for the whole alleged infringement, but under this rule certainly the finding of the right of the defendant to the extent of certain of its roads ought to avail the defendant to that extent. Decree for an injunction and an account, except as to Broadway Line to Bowling Green.