AMERICAN GRAPHOPHONE CO. v. LEEDS & CATLIN CO. et al.

(Circuit Court, S. D. New York.   August 14, 1905.)

No. 8,570.

1. EQUITY—PLEA—BURDEN OF PROOF.

The burden of proof rests upon the defendant to support a plea.

2. SAME—OVERRULING OF PLEA.

Under equity rule 34 a decree pro confesso will not be entered on the overruling of a plea, unless the court is satisfied that it was interposed vexatiously or for delay; but the defendant will be assigned to answer the bill.

3. PATENTS—PROOF OF ASSIGNMENT—CERTIFIED COPY OF RECORD.

A certified copy of a Patent Office record of a document purporting to be an assignment of a patent is not prima facie proof of the execution or genuineness of such assignment, nor is it made competent evidence by Rev. St. § 4898, as amended by Act. March 3, 1897, c. 391, § 5, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3387.]

In Equity.   On plea.

Elisha K. Camp, Philip Mauro, and C. A. L. Massie, for complainant.

Louis Hicks, for defendants.

HAZEL, District Judge.   The bill charges infringement of United States letters patent No. 688,739, granted to Joseph W. Jones, on December 10, 1901, and avers under oath the assignment thereof by the patentee to the complainant. The defendants interposed a plea at bar, asserting that complainant had no formal title to the patent, that Jones is still its owner, and therefore complainant has no legal capacity to sue. Defendants have also answered, challenging complainant's title and denying the alleged infringement of the patent in suit. The answer, therefore, extends to the matter specified in the plea, while the plea is to a part, and not the whole, of the bill. Issue having been joined upon the alleged facts, the cause is now before the court on bill, plea, replication, and evidence. After consideration of the questions, the conclusion is reached that the evidence is wholly insufficient to substantiate the issue taken upon the plea. The rule requires a defendant to affirmatively prove the facts upon which his plea is based. Story's Equity Pleadings (10th Ed.) § 697; Kennedy v. Creswell, 101 U. S. 641, 25 L. Ed. 1075. The burden of proof, therefore, rested upon the defendants to support their plea. Foster's Fed. Pr. (2d Ed.) p. 248, § 142; Beach, Mod. Pr. p. 351, § 329; Rhode Island v. Massachusetts, 14 Pet. 210, 10 L. Ed. 423.

The point is urged that, if the plea be found false, the complainant is entitled to enter judgment pro confesso. The practice is governed

by equity rule 34, which provides that, upon the overruling of any plea or demurrer, the defendant shall be assigned to answer the bill, unless the court shall be satisfied that it was interposed vexatiously or for delay. The plea was not a false one. It appears to have been interposed in good faith, and the answer indicates that defendants have a substantial defense upon the merits.

The complainant brought into the record a certified copy of Patent Office record of an assignment to it by Jones of the patent in suit, instead of the original writing. No satisfactory evidence was given to show the existence of the original document of transfer, or of its loss. No reason is assigned for the reception of secondary evidence. The proposition that the certified copy of the assignment produced by complainant at the hearing was competent evidence of the facts therein stated is unsound. The rule, as stated by Judge Wallace in Mayor, etc., of City of New York v. American Cable Ry. Co., 60 Fed. 1016, 9 C. C. A. 336, that certified copies of the Patent Office records of documents purporting to be assignments are not prima facie proof of their execution or genuineness, still prevails, and has not, as contended, been altered or modified by the act of March 3, 1897 (29 Stat. 692, c. 391, § 5), amending section 4898 of the Revised Statutes [U. S. Comp. St. 1901, p. 3387]. The provisions of that act merely provide that a notary's certificate of acknowledgment of the assignment shall be prima facie evidence of its execution. Since the amendment mentioned, Judge Kohlsatt, following the decision of Judge Wallace, said, in National Cash Register Co. v. Navy Cash Register Co. (C. C.) 99 Fed. 89:

"Certified copies of the Patent Office records of assignments are not made evidence by any United States statute, and, if competent at all, must conform to the rules relating to primary and secondary evidence, and are only admissible when proper grounds are laid: i. e., upon showing the former existence of the original instruments of assignment, and the fact that they are lost, or that it is out of complainant's power to obtain the same for introduction in evidence, or that no better evidence is in existence."

In the circumstances shown by the record it would seem that a proper disposition of the questions presented by the plea is simply to overrule the same, with costs, allowing the answer to stand.

A decree overruling the plea, in accordance with these views, may therefore be entered.