EAGLE OIL CO. OF NEW YORK et al. v. VACUUM OIL CO.

(Circuit Court of Appeals, Third Circuit. June 18, 1908.)

No. 14.

1. EQUITY—PLEADING—EFFECT OF OVERRULING PLEA AFTER HEARING.
  Where a plea in equity, setting up the facts relied on as a defense to one part of the bill, and supplemented by an answer as to the remainder, is overruled on the proofs after hearing on issue joined thereon, the defendant is not entitled to answer over.

2. APPEAL AND ERROR—REVIEW—FINDINGS OF FACTS.
  The finding of a trial court on the proofs against the truth of a plea affirmed.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3970–3978.]

  Buffington, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 154 Fed. 867.

Eugene Mackey, for appellants.
C. Schuyler Davis and Edmund Wetmore, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. The appellee was plaintiff and the appellants were defendants in a suit in equity for alleged infringement of trade-marks and unfair competition. The bills, original and supplemental, alleged the adoption, use and registration by the complainant of certain words, which it charged the defendants with having applied to goods of the Eagle Oil Company, fraudulently and in violation of complainant's rights, by branding goods of that company with the complainant's trade-marks in this country, and selling the same in this country, by placing said brands upon its goods in this

country and selling the goods so branded in foreign markets, and by exporting its goods from this country with the intention of selling them under said brands in foreign countries and actually selling them in the foreign market under said brands. The Eagle Oil Company and F. W. Hastings, Jr., "as secretary and treasurer and a director of said corporation, and individually," filed a joint plea and answer, and the defendant George F. Von Krogh, as a director and individually, filed a separate but substantially identical plea and answer. The first-mentioned plea is copied in the margin.[1] It was interposed, as will be observed, "to all the relief and discovery sought by the said bills, both original and supplemental, except only so much thereof as prays for relief against and discovery of all acts and deeds of these defendants done in these United States"; it was pleaded "in bar of all relief and discovery sought in said bills of complaint against or for

[1]"These defendants, Eagle Oil Company of New York and F. W. Hastings, Jr., as secretary and treasurer and a director of said corporation and individually, to all the relief and discovery sought by the said bills, both original and supplemental, except only so much thereof as prays for relief against and discovery of all acts and deeds of this defendant done in these United States, plead in bar of all relief and discovery sought in said bills of complaint against or for all acts and deeds of these defendants or their agents or officers, alleged to have been done in some foreign country or nation: That such acts or deeds, if performed or done at all, and not admitting hereby that such acts and deeds were done or performed by it, were wholly done or performed without the borders and boundaries of these United States and wholly within the borders and boundaries of some foreign country or nation. That of such acts and deeds only the courts of such foreign country or nation, and not this court or any court within these United States, has jurisdiction. Further, that this plaintiff has heretofore instituted legal proceedings in a court of competent jurisdiction in the German Empire, to restrain the respondent Eagle Oil Company of New York from the commission of the very acts and deeds done and performed in the German Empire, with regard to the use of the word 'Vacuum,' which the plaintiff now asks relief against and discovery of in this suit. True translations of the plaintiff's bill, defendant's answer, and the decree of the court in such proceedings are hereto attached, marked respectively 'Exhibit A,' 'Exhibit B,' and 'Exhibit C,' and made part hereof, and, notwithstanding such decree, the complainant has appealed therefrom to a higher court, where the same is now pending. And, further, that this plaintiff has also instituted legal proceedings in a court of competent jurisdiction in the Kingdom of Denmark to restrain in that country the use of the word 'Vacuum' on petroleum oils and products, sold for a purpose similar to that for which plaintiff sells its oils and products, and in advertisements, statements, publications, and writings, relating and referring to such oils and products. All of which matters and things the respondents do aver to be true and plead the same to the twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, and twenty-sixth paragraphs of plaintiff's bill of complaint, and to interrogatories of said bill, numbered 8, 9, 10, 83, and 85, and to so much of the twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, thirty-eighth, and thirty-ninth paragraphs of the said bill, and to so much of the interrogatories therein numbered 7, 11, 13 to 35, inclusive, 46 to 70, inclusive, 72 to 78, inclusive, 82, 104, 106, 110, 111, 131, 132, 133, 134, 135 to 145, inclusive, 148 to 156, inclusive, 175 to 190, inclusive, and 193, and to so much of the supplemental bill and interrogatories as are not answered, and pray the judgment of this court whether they shall be required to further answer so much of the said, bills and interrogatories as are not met or covered by this plea."

all acts and deeds of these defendants or their agents or officers, alleged to have been done in some foreign country or nation"; and it alleged and averred "that such acts or deeds, if performed or done at all, * * * were wholly done or performed without the borders or boundaries of these United States, and wholly within the borders and boundaries of some foreign country or nation, and that of such acts and deeds only the courts of such foreign country or nation, and not this court, or any court within these United States, has jurisdiction." This plea was connectedly followed by an answer to so much of the original bill as the plea did not cover, in which the charges of wrongful acts committed by the defendants in this country were denied. In June, 1903, the plea was set down to be argued, and, after hearing, was "allowed, with liberty to the complainant to take issue thereon." In November, 1904, the sufficiency of the answer was in the main sustained, and on December 23, 1904, general replications to the plea and to the answer, respectively, were filed.

It appears from the foregoing synopsis that the plea and answer, conjointly, purported to set up, affirmatively or by way of denial, all matters of fact upon which the defendants relied, whether to defeat the jurisdiction of the court or to bar the relief sought by the bill, and that issue was taken upon the plea as long ago as in December, 1904. Yet we are now asked to say that when, upon the proofs, that issue was determined against the defendants, the court below erred in refusing their "demand for an opportunity to answer over." But, in our opinion, that demand was neither reasonable nor warranted. If the fact stated in the plea had been determined for the defendants, it would have availed them as far as in law and equity it ought to avail them, and surely its determination for the complainant should not be wholly without avail to it. The contention that equity rule 34 entitled the defendants to answer over after the issue upon their plea had been decided against them is founded upon a mistaken understanding of the effect to be attributed to its use of the word "overruled." Wherever, in the series of rules relating to demurrers and pleas (31–38), that word occurs in connection with a plea, it manifestly signifies a precursory adjudication of its invalidity, and not an eventual determination of the issue proposed by it. In this case, then, as an issue was taken upon the defendants' plea, and it was found to be false, what was next to be done? Was it to be merely overruled, and an order made that the defendants should answer further, as if, when set down for argument, it had been overruled for insufficiency? "This is not the usual course. Having put the plaintiff to the trouble and delay of an issue, the defendants cannot, after it is found against them, claim the right to file an answer." This was said by Mr. Justice Bradley in speaking for the Supreme Court of the United States in the case of Kennedy v. Creswell, 101 U. S. 641–644, 25 L. Ed. 1075, and we think the learned judge below was clearly right in regarding it as an authoritative and still final exposition of the law.

It results from what has been said that the specifications which aver that the court below should have allowed the defendants to answer over cannot prevail, and the other points made in the brief of the appellants may be disposed of together, and very briefly. As to the

contention that the proofs did not support the findings of the learned judge, it would be profitless to again discuss the evidence. It must suffice to say that having fully considered it we have independently arrived at the conclusion which was reached by him, that "the truth of the facts set forth in the pleas has not been shown, but the contrary"; and, it being thus determined that "the acts complained of were not wholly performed outside of the United States," it is not requisite to decide whether "the courts of the United States have jurisdiction of an infringement of a trade-mark, or an act of unfair competition committed entirely in a foreign country." Vacuum Oil Co. v. Eagle Oil Co.(C. C.) 154 Fed. 867.

None of the specifications of error having been sustained, the decree of the Circuit Court should be affirmed, and it is so ordered.

BUFFINGTON, Circuit Judge, dissents.