CHASE v. WETZLAR et al.

(Circuit Court, S. D. New York. November 16, 1911)

No. 6—208.

EQUITY (§ 346*)—PLEA—BURDEN OF PROOF.

Where a bill in equity in a federal court to recover an interest in the estate of a decedent alleged that defendant, although an alien, had as executor collected assets of the estate and invested the same in bonds, which he held within the jurisdiction of the court, a plea in bar, denying the jurisdiction on the ground that defendant is a nonresident alien, and that all assets of the estate were removed from the United States before the suit was commenced, is a negative plea, being in effect merely a denial of a jurisdictional allegation of the bill, and the burden of sustaining such allegation is on complainant.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 725, 726; Dec. Dig. § 346.*]

In Equity. Suit by Charles A. Chase against Emil Wetzlar and William P. Bonn, executors of the estate of Gustave J. Wetzlar, deceased. Submitted on bill, plea, and replication. Bill dismissed.

Frederick W. Frost (Charles H. Burr, of counsel), for complainant. Charles D. O'Connell, for defendant Wetzlar.

HAZEL, District Judge. This is a suit in equity to recover the possession of one-third of one-sixth of an estate which it is claimed the defendant holds as executor of the last will and testament of Gustave J. Wetzlar, deceased. The bill alleges that the complainant acquired an interest in the estate of the decedent, by assignment; that the defendant, as executor or trustee, though an alien, collected the assets of the estate and set aside one-sixth of the residuary estate of the decedent in accordance with his last will and testament. It

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is also alleged in the bill that the defendant invested said one-sixth of the residuary estate of the decedent in railroad bonds, which he holds in the city of New York, as executor, and which are subject to the jurisdiction of the court. The defendant Emil Wetzlar (who alone has been served with process) has filed a plea in bar, denying the jurisdiction of the court, on the ground that he is a nonresident alien, and that the property and assets against which complainant asserts a claim have long since—five years prior to the beginning of the suit—been removed from the United States, and that there is no property, assets, or trust fund of the estate of the decedent within the jurisdiction of this court.

The sufficiency of the plea was questioned, and Judge Lacombe, who heard the argument, held that, if the facts alleged in the plea were established, this court would not have jurisdiction of the controversy. Afterwards the complainant filed a general replication, and now, without either side having taken any testimony as to the truth or falsity of the plea, the issues come before me under Circuit Court rule 109, solely and simply on the pleadings—the bill, plea, and replication. On the authorities of Kennedy v. Creswell, 101 U. S. 641, 25 L. Ed. 1075, and American Graphophone Co. v. Leeds & Catlin Co. (C. C.) 140 Fed. 981, the complainant contends that the burden of proof is on the defendant to support his plea by affirmatively proving that no portion of the trust funds of the deceased is now within the jurisdiction of the court, and, further, that there has been no such fund within the Southern district of New York for a period of at least five years prior to the time specified in the bill. The defendant, on the other hand, contends that his plea is a negative plea, which places the burden of proof on the complainant; the latter having raised the issue by his general replication.

I think that the language of the plea, fairly interpreted, contains a mere denial of the allegation that railroad bonds have been bought and are held by the executor in this district. The plea does not aver any new facts in avoidance, but sets up the single denial of the allegation upon which the jurisdiction of the court is based. In Kennedy v. Creswell, supra, evidence was produced by the plaintiff to establish the allegations of the bill and tending to show that the plea was false. No testimony was offered in that case by the defendant, and the Supreme Court, in the opinion, stated that his mere denial could not be received as truth of its own proof, where the fact was directly in issue, and that the burden of proof was upon him. See, also, Street's Federal Equity Practice, § 896. The difference in procedure in that case and in the case at bar is at once perceivable, and in my opinion the case does not support complainant's contention that the burden rests upon the defendant, where the plea simply denies a material allegation of the bill. Moreover, careful reading of the Kennedy Case convinces me that the plea there contained new matter in avoidance of the right of the plaintiff to maintain the suit, which, in effect, made it an affirmative plea.

In American Graphophone Co. v. Leeds & Catlin Co., supra, this court broadly stated that the burden of proof rested upon the defendant to sustain his plea by proof; but in that case there was an

affirmative allegation in the plea, namely, that one Jones was the owner of the patent sued upon, and that the complainant had no formal title thereto. Testimony was taken on both sides, and it was held that the evidence of the defendant was insufficient to sustain the plea. If, in this case, for example, the defendant had filed an answer denying the jurisdiction of the court, instead of a plea in bar, the complainant, on the trial, would unquestionably have been required to give testimony to show either that the defendant was an inhabitant of the district, or that property was held therein for and on his account as executor of the Wetzlar estate. By filing his plea directed to a particular allegation in the bill, which in fact is one in relation to which the complainant has the affirmative of the issue, the burden of proof is not transferred.

The case of Vacuum Oil Co. v. Eagle Oil Co. of N. Y. (C. C.) 154 Fed. 867, decided by Judge Cross, and affirmed in 162 Fed. 171, 89 C. C. A. 463, is thought to clarify any seeming perplexity in the practice arising from the absence of any clear definition of the terms affirmative or negative pleas. He says in his opinion:

"An affirmative plea is one that sets up some matters dehors the bill. A negative plea denies some material allegation in the bill. In the former case, the burden of proof rests upon the defendant; in the latter, upon the complainant."

Following this rule, the complainant should have given evidence of the truth of the allegation to which the plea was directed, and as he has not done so the plea must be allowed.

There were other questions argued by counsel which bear upon the power of the court, in any event, to enforce any decree affecting the defendant, or any trust property which came into his possession; but such questions need not be decided, since the decision on the first contention in favor of the defendant determines that the plea must be taken as true, and the effect of such determination is to establish a complete defense. Street's Federal Equity Practice, 904.

Without requiring the defendant to answer over to the bill, it must be dismissed, but without costs.