GEORGE M. BROOKS, Judge of Probate, vs. JONATHAN HOPE.

Middlesex.    March 4. — May 11, 1885.    W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A will provided that the testator's son should, for the space of ten years from the time of receiving the same, have the use of a certain legacy bequeathed to the testator by his sister, the son paying a certain rate of interest, "principal and interest to be repaid to my estate at the end of said ten years." In other places in the will this was spoken of as a loan to the son. The son was appointed executor of the will. In 1869, the son received the sum bequeathed by his father's sister, and died in 1870. In 1873, the executor of the son filed an account of the son as executor, in the Probate Court, showing a balance due by the son to his father's estate, and a statement that this balance was the principal sum of the legacy. This account was allowed by the Probate Court. *Held*, in an action, brought in 1880, in the name of the judge of probate, by an administrator *de bonis non*, with the will annexed, of the father's estate, against a surety upon the bond given by the son as executor, that the son took the legacy to his father as a loan, which was not due at the time of his death. *Held*, *also*, that the account filed in 1873, and the action of the court thereon, did not estop the defendant from showing that the sum stated to be the balance of the account was a loan to the son under the will.

MORTON, C. J.  This is an action against a surety upon a probate bond given by the executors of the will of James K. Dewhurst. The writ is dated September 29, 1880. The will of James K. Dewhurst contained the following clause : " It is my will that my son, Richard J. Dewhurst, shall, for the space of ten years from the time of receiving the same, have the use of the whole amount bequeathed to me by my sister, Elizabeth Dewhurst, he paying therefor three per cent interest for each year, compounded, principal and interest to be repaid to my estate at the end of ten years." In two other places in the will the testator speaks of the amount of his sister's bequest as " said sum loaned to my son, Richard J. Dewhurst, as above provided," and as " the above-named loan to Richard J. ; " and it is clear that his intention was that his son should have the use of said amount as a loan to him from the estate for the period of ten years, upon the terms named in the will.

The will appointed said Richard J. Dewhurst and William Thompson executors, and they duly qualified by giving the bond in suit.

In July, 1869, Richard received from the estate of said Elizabeth three hundred pounds sterling.  This sum was retained

by Richard, presumably with the assent of his co-executor, under the provisions of the will. Richard died in August, 1870, and Thompson resigned his office as executor in September, 1870, and his resignation was accepted; and thereupon Albert Moors, at whose instance this suit is brought, was appointed administrator *de bonis non*, with the will annexed. The only breach of the bond alleged in the declaration is the failure to account for and pay over the said sum of three hundred pounds.

Upon these facts, we are of opinion that the defendant is not liable as a surety upon the executors' bond. At the resignation of Thompson and the death of Richard, there had been no maladministration of the estate. The sum of three hundred pounds was properly lent to Richard, according to the will. He held it as a loan, to be repaid to the estate in the future. It was not present assets of the estate, but he owed a debt to the estate, not presently payable, which, when paid, would become assets. If, by the direction of the will, the money had been lent to a third person, not an executor, it is clear that it could not be treated as assets in the hands of the executors until it was repaid, and they would not be responsible for the solvency of the debtor. Although in this case the loan was to an executor, the principle is the same. The rule that, where a debtor to an estate is made executor, his debt is to be regarded as paid, and to be treated as assets in his hands, has no application to such a case as this. *Leland* v. *Felton*, 1 Allen, 531. *Pettee* v. *Peppard*, 120 Mass. 522.

That rule cannot accelerate the payment of a debt due by an executor, and require him to pay it and treat it as assets before it is due and payable. Whether the rule would apply if Richard had lived until the debt became payable to the estate, we need not consider. He died, and his co-executor resigned, before the loan was payable. There was no default or maladministration by either of them which renders this defendant liable as their surety on the bond. The remedy of the administrator *de bonis non* is against the estate of Richard J. Dewhurst.

It appears that John Cochrane, appointed executor of Richard J. Dewhurst in New York, filed " an account of Richard J. Dewhurst," as executor, in the Probate Court for Middlesex

county, which was approved by the court in March, 1873, which account shows a balance due by said Richard; and the plaintiff contends that it is conclusive evidence that such balance was then due by Richard. If it be assumed that the account rendered by Cochrane is evidence against the defendant, it is not conclusive. The decree of the Probate Court upon it does not adjudicate any of the questions raised in this case. The account shows that the balance found is " the principal sum of the legacy bequeathed said James K. Dewhurst by the will of Elizabeth Dewhurst, deceased." The decree is, that the account be " allowed and recorded." It does not adjudicate that the balance is presently due to the administrator *de bonis non.* Perhaps it would have been more correct, if the account had credited the executor with this amount as lent under the will; but there is nothing in the decree which estops the defendant from showing the truth, that such balance was held by Richard as a loan under the provisions of the will.

*Judgment for the defendant.*

*A. G. Lamson,* for the plaintiff.

*J. N. Marshall,* (*W. H. Anderson* with him,) for the defendant.