ROBERT G. DODGE, administrator, *vs.* PHILIP H. LUNT,
executor.

Essex.    November 7, 1901. — May 20, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Gift. Estoppel*, By conduct. *Savings Bank.*

A husband made deposits represented by five different bank books in his wife's
name individually and as trustee in two savings banks, in which he had also
ten other accounts. The deposits consisted principally of checks drawn by the
husband on an account kept by him in a national bank and made payable to
the savings bank. The wife died, and the husband as her administrator filed
an inventory of her estate in which the five deposits were scheduled as her
property and then as administrator transferred the deposits to himself as his
own property and so accounted for them. The wife before dying had executed
assignments of the five accounts to her husband, but these had never been
presented at the savings banks. *Held,* that the fact that the husband had in-
ventoried the deposits as the property of his wife did not preclude him from
claiming them as his own, and that his account as administrator treating the
deposits as his own property rightly was allowed.

MORTON, J.    This is an appeal from a decree of the Probate
Court allowing an account filed by the appellee as executor of
the will of Nicholas B. Lake for the latter. as administrator of
the estate of his wife, Martha A. Lake. No account was ren-
dered by Nicholas B. Lake during his lifetime. In the account
filed by the appellee, the property is accounted for as the property
of Nicholas B. Lake, transferred to him by himself as admin-
istrator of his wife's estate. The question is whether that is a
proper accounting, or whether the property should be regarded
as assets of the wife's estate.

The case was heard by a single justice, partly on agreed facts
and partly on oral evidence and certain exhibits, and he affirmed
the decree of the Probate Court.

Martha A. Lake died in 1883 leaving a husband and three
children, a son and two daughters, surviving her. The husband
was duly appointed administrator and gave bond with sureties,
and filed an inventory in which the property in question consist-
ing of deposits represented by five different bank books in her
name individually and as trustee in two savings banks in New-

buryport was inventoried by him as belonging to her estate. Two of the children died shortly after she did; the son unmarried and without issue and the other, a daughter, Florence E. Moody, leaving a husband and one child. The appellant has been duly appointed administrator of Mrs. Moody's estate, and the remaining daughter has been appointed administratrix de bonis non of her mother's estate. In any event Mr. Lake's estate is entitled to two thirds of his wife's estate; — one half as her heir and one sixth as his son's heir. The deposits consisted in large part, nine tenths as one of the witnesses testified, of checks drawn by Mr. Lake to the order of the savings banks or the treasurer on an account kept by him in a national bank. And the question is whether they were gifts to his wife. It is to be noted that the checks were not payable to Mrs. Lake and the mere fact that the money was deposited in her name individually or as trustee does not necessarily show that it was a gift to her. *Booth* v. *Bristol County Savings Bank*, 162 Mass. 455. It may have been done by Mr. Lake for the purpose of multiplying accounts. That he was in the habit of multiplying accounts is shown by the fact that he had ten other bank books in these two banks. There was nothing shown as to the manner in which he dealt with the deposits during her life which required a finding that they were gifts to her. Sometimes she drew the interest, sometimes her husband did and sometimes they both did. And this was true in regard to deposits which admittedly belonged to him. The fact that she drew interest would show that she must have had possession of the books, but would not necessarily show that the books had been delivered to her as and for her own. Indeed, on one occasion when she drew the interest on one of the deposits in question and on another occasion when they both drew it, the interest was redeposited to the credit of an account belonging to him, which would tend to show that the deposit on which the interest was paid belonged to him also though standing in her name. It is true that assignments of the books in question to Mr. Lake from his wife were found with the books amongst his papers after his death, and that he inventoried the books as the property of his wife. But there is nothing to show that the assignments ever were presented at the banks, or to show under what circumstances they

were executed and delivered, if there was any delivery. There is nothing in the fact that assignments of the deposits had been executed from the wife to the husband which required a finding that they belonged to her and not to him. And as to the other matter Mr. Lake well may have deemed that his title would be regarded as more satisfactory if administration was taken out on his wife's estate by him and his title perfected by a transfer from himself as administrator. Neither he nor his executor would be concluded, we think, from showing that the deposits belonged to him or his estate by the fact that he had inventoried them as belonging to his wife's estate. *Brooks* v. *Hope*, 139 Mass. 351. *McGinity* v. *McGinity*, 19 R. I. 510.

As already observed there was testimony tending to show that nine tenths of the deposits in question consisted of money furnished by Mr. Lake. There is no direct evidence where the rest of the money came from. There was testimony tending to show that the wife had some money. But the single justice may have deemed it more probable that these deposits also consisted of money belonging to Mr. Lake, and we cannot say that such a conclusion was erroneous or unwarranted. The result is that we think that the decree should be affirmed.

*So ordered.*

*R. G. Dodge, pro se.*

*J. T. Choate,* (*J. C. M. Bayley* with him,) for the appellee.