CHARLES H. SHERMAN, executor, *vs.* ALBERTA F. WARREN & others.

Middlesex.    January 12, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Probate Court,* Jurisdiction, Petition for compromise of controversy as to allow, ance of will.

One named as a legatee in a will offered for probate, whose legacy is revoked by the terms of a codicil offered for probate with the will, is a necessary party to a compromise of a contoversy concerning the will and codicil under R. L. c. 148, § 15; St. 1903, c. 222, and the Probate Court has no jurisdiction to authorize such a compromise against the objection of such person.

PETITION under R. L. c. 148, § 15; St. 1903, c. 222, filed in the Probate Court on August 25, 1911, for the authorization of a proposed compromise of a controversy regarding the allowance of the will and codicil of Obed C. Shepherd, late of Methuen.

In the Probate Court, the Waltham Hospital, a corporation, opposed the allowance of the petition, and it was dismissed. On appeal to this court, *Sheldon,* J., reserved the case for determination by the full court, the petition to be dismissed if the Waltham Hospital was a necessary party to the agreement for compromise; otherwise, a decree to be made as prayed for in the petition.

*M. M. Johnson,* (*J. R. Benton* with him,) for the petitioner.

*G. L. Mayberry,* for Alberta F. Warren.

*C. F. French,* for the Waltham Hospital.

HAMMOND, J. The only question is whether the Waltham Hospital, hereinafter called the hospital, "is a necessary party

to the agreement for compromise." It is not an heir at law of the deceased. It is named as a legatee in the will, but in the codicil executed several months after the will there is a provision entirely revoking the legacy. If therefore both will and codicil are allowed, or if both are disallowed, the hospital gets nothing. It is for its interest that the will should be allowed and the codicil disallowed. It has not appeared to oppose the allowance of the will and codicil except as it has appeared and answered and been heard in this proceeding.

It is manifestly interested in the controversy and is a party entitled to appeal from any decree against its interest. And that is so even if it does not appear until after the decree of the Probate Court, provided the appeal be seasonably taken.

A controversy over the allowance of a will may be determined in court in two ways. The first is by the decision of the court upon a hearing and proof, allowing or disallowing the will. If allowed, it stands as written. If disallowed, it is null as though never written. The second way is by agreement of compromise signed by all parties whose interests, in the opinion of the court, will be affected by the proposed compromise, and approved by the court. When the controversy is settled in this way, the rights of the parties are determined not by the will as written, but as changed by the terms of the compromise. In these two ways, and in these only, can the rights of the parties be adjusted by the Probate Court. The jurisdiction of the court in the first way is entirely independent of any agreement of the parties. In the second way it is entirely dependent upon the agreement of the parties. The second is an anomalous proceeding. "The court has no jurisdiction unless the requirements of the statute are strictly complied with." Knowlton, J., in *Elder* v. *Adams*, 180 Mass. 303, 306.

As stated before, the interest of the hospital will be affected by the proposed agreement. Without its consent or default the hospital cannot be deprived of the right to have the validity of the codicil determined by the Probate Court upon hearing and proof. It follows that it is a necessary party to the agreement of compromise.

In accordance with the terms of the reservation the order is

*Petition dismissed without prejudice.*