CLARK PARKER *vs.* NEW ENGLAND TRUST COMPANY, executor & trustee, & others.

Suffolk.    January 20, 1913. — June 17, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Compromise,* Of controversy as to will. *Equity Jurisdiction,* To enforce compromise agreement.

*It seems,* that a bill in equity cannot be maintained to compel one who is named as executor and trustee in an alleged will, the proof of which is pending in the Probate Court, to administer the property of the estate of the alleged testator in accordance with an agreement of compromise, because unless the will is allowed there can be no compromise concerning it.

In a proceeding under R. L. c. 148, §§ 14, 15, asking the Supreme Judicial Court to authorize a compromise of a controversy as to the estate of a testator, where a certain person is named in the will as executor and trustee and by the terms of the proposed compromise is not to be made trustee, such person is a necessary party to the agreement of compromise.

Although, apart from the provisions of R. L. c. 148, §§ 14–18, this court has jurisdiction in equity to enforce a compromise agreement in regard to property acquired under a will between parties who are *sui juris* and where no contingent interests are affected, this jurisdiction does not extend to the enforcement of an alleged compromise agreement affecting future contingent interests.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 12, and amended on March 12, 1912, by one of the next of kin and heirs at law of Benjamin W. Parker, who died on December 12, 1910, alleging that objection had been made by such next of kin to the allowance of an instrument purporting to be the will of Benjamin W. Parker, that an agreement of compromise had been executed by such next of kin and certain persons named as legatees in such alleged will, and that the New England Trust Company, which was named as executor and trustee in such alleged will had refused to present such agreement of compromise to the court and to ask authority to adjust the controversy in accordance with such agreement; praying that such trust company might be authorized and directed to adjust the controversy as to the allowance of such will in accordance with the terms of such agreement of compromise, and that it might be directed to settle the estate of Benjamin W. Parker in accordance with such agreement.

There were annexed to the bill a copy of the alleged will dated June 8, 1910, and a copy of the alleged agreement of compromise dated June 27, 1911.

The New England Trust Company filed a plea, alleging that it was named as executor and trustee in a document purporting to be the last will of Benjamin W. Parker, and setting forth as reasons why the bill should be dismissed (1) that the court had no jurisdiction to grant the relief prayed for because that defendant was not a party to the alleged agreement of compromise as required by R. L. c. 148, §§ 14, 15, and acts in amendment thereof; (2) that the court had no jurisdiction to compel a person named as such executor to adjust by arbitration or compromise such a controversy; (3) that the bill was premature, because the

document purporting to be the will of Benjamin W. Parker had not been proved in the Probate Court, that the petition for its allowance was still pending and no date had been set for a hearing; (4) that by certain provisions of the alleged will, there set forth, contingent interests were created so that the court had jurisdiction to give effect to any agreement of compromise only by virtue of the provisions of R. L. c. 148, §§ 14–18, and acts in amendment thereof, and that it appeared that the requirements of the statute had not been fulfilled.

The two other defendants, being persons named as legatees in the alleged will who had not signed the alleged agreement of compromise, filed a similar plea.

The case was heard upon the pleas by *Hammond,* J., who made an order, that the pleas, so far as they alleged want of jurisdiction either under the statute or under general equity jurisdiction, were adjudged good. Thereafter he made a final decree that the pleas to the jurisdiction be sustained and that the bill be dismissed. The plaintiff appealed.

*R. M. Morse,* (*S. K. Paige* with him,) for the plaintiff.

*G. F. Ordway,* for the defendant, Frederick P. Gay.

*M. J. Dwyer,* (*G. P. Hyde* with him,) for the New England Trust Company.

MORTON, J. This is a bill praying that the New England Trust Company be authorized and directed as executor and trustee under the will of Benjamin Parker, late of Boston, to adjust a controversy in regard to said will according to the terms of a compromise agreement which has been entered into between the next of kin and heirs at law of said Parker. The plaintiff is a brother of the testator. The will, though offered for proof in the Probate Court for the county of Suffolk, has not yet been allowed, and a petition for its allowance is now pending in that court. *Non constat* that the will may ever be allowed. And, if the will should not be allowed, there would be nothing to compromise in respect thereto, and the bill would seem therefore to be premature.

Still further, the statute provides, if this is to be regarded as a proceeding under the statute, that in regard to a compromise "the persons named as executors, or the administrators with the will annexed, as the case may be, those claiming as devisees or

legatees whose interests will in the opinion of the court be affected by the proposed . . . compromise, and those claiming the estate as intestate, shall be parties." R. L. c. 148, § 15. In the present case the New England Trust Company, which is named as executor and trustee and which by the terms of the proposed compromise is to be eliminated as trustee, is not a party to the compromise, as it is expressly required by the statute that it should be.

The plaintiff relies upon *Blount* v. *Wheeler*, 199 Mass. 330. But in that case there were not, as in this, future contingent interests to be affected by the proposed compromise. There is no doubt that since the statute as well as before, the court has jurisdiction in equity to enforce a compromise agreement as an agreement voluntarily entered into where all the parties are *sui juris* and no contingent interests will be affected. *Abbott* v. *Gaskins*, 181 Mass. 501. But this is not such a case.

*Decree affirmed with costs.*