HAROLD S. RENWICK *vs.* WILLIAM B. MACOMBER & another.
KENNETH HOWES, administrator with the will annexed, *vs.* SAME.

Bristol.    October 23, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Probate Court*, Appeal.  *Devise and Legacy*, Vested interest.  *Estoppel.  Trust.*

By the will of a widow, who had agreed with one of the sons of her husband by
a former marriage that by her will she would devise to the sons real estate left
to her by her husband, the real estate was devised to trustees to divide it, (or
its proceeds if it had been sold in accordance with a right to sell which the
testatrix reserved for herself and the trustees,) into two equal parts, to convey
one half to one son or his children in case he should have died leaving children,
and to pay the income of the other half to the other son during his life, and on
his death, if he should die leaving children, to pay such income to his children,
each child to receive a proportionate share of the principal as he attained ma-
jority; and, if at the time of the death of the testatrix the second son should
have died without issue surviving him, the first son was to receive the whole
of the property.  The will, in a subsequent clause relating to the holding in trust
for the same purposes of the proceeds of a sale of any of the real estate, contained
the statement, "it being my wish and intention that the said real estate and the
proceeds thereof shall, after my death go to the children of my said husband, if
living, and if either be dead without issue to the survivor of them, or with issue
to such issue *per stirpes* and not *per capita.*"   Both sons survived the testator.
The first son died leaving issue and then the second son died without issue and
leaving a will bequeathing his property to a third person.  *Held*, that the in-
tention of the testatrix was that the division of the property if both sons sur-
vived her should be on an equality of participation; that the second son received
an equitable remainder subject only to be divested if at his death he left issue,
that this property passed by his will and therefore that the children of the other
son had no interest which gave them a right to appeal from decrees relating to
payments to the legatee of the second son.
Trustees under a will who, together with certain of the beneficiaries under the
will, have acted upon a wrong construction of the will, are not thereby estopped
to deny the true construction of the will and cannot be compelled to admin-
ister the trust or dispose of the property in any way other than in accordance
with the will properly construed.

APPEALS from decrees of the Probate Court dismissing petitions
by the son and the administratrix of the daughter of Stanhope C.
Renwick to reopen the final accounts of the executors and trustees
under the will of Annie E. Renwick for the purpose of having dis-
allowed a payment of $33,495.74 to one to whom Frederick W.

Renwick, a beneficiary under a trust created by the will of the testatrix, had bequeathed his property, and to have the respondents ordered to pay the fund to the petitioners as heirs and next of kin of Stanhope, the petitioners contending that by a proper construction of the will of Annie E. Renwick, which is described in the opinion, the interest of Frederick W. Renwick under the circumstances was not transmissible by his will, but passed to them.

The appeals were consolidated and were heard by *Rugg*, C. J., who reported the facts stated in the opinion, among others, and reserved the cases for determination by the full court.

*J. W. Cummings*, (*C. R. Cummings* with him,) for the petitioner Renwick.

*J. Abbott*, (*S. Robinson* of New York with him,) for the petitioner Howes.

*E. J. Hadley*, (*B. B. Barney & E. E. Clarke* with him,) for the respondents.

BRALEY, J. The testatrix "died domiciled in this Commonwealth," and although the real property was situated in the State of New York, and under the doctrine of equitable conversion the proceeds of any sales by the trustees or of the testatrix in her lifetime are to be treated as land, *Thissell* v. *Schillinger*, 186 Mass. 180, 185, the parties have agreed that the cases are to be decided in accordance with the laws of her domicil.

By the will of her husband the testatrix received the larger part of his estate, and his son Stanhope C. Renwick having opposed admission of the will to probate, although his brother Frederick W. Renwick does not appear to have joined, the agreement between her and Stanhope terminating the contest, executed nine days before the date of her will, after reciting that "in accordance with what she believes was the desire of her husband, in order to assure to his said children, maintenance in the future" she "has determined to and has made, or is about to make her will by which she has devised to the said Stanhope C. Renwick and Frederick W. Renwick, children of her late husband, all the real estate now unsold and undisposed of by her which was devised to her by her husband, in and by his last will and testament . . . duly proved," and that "the terms of said devise have been made known to said Stanhope C. Renwick and are acceptable to him," she covenanted, "that the provision made in her will as aforesaid

relative to the devise of the real estate unsold shall not be changed during her life time nor shall said will be revoked, changed or modified in respect of the said real estate except by the execution of another will which shall contain the same provisions in respect thereto. . . ." It is immaterial whether a draft of the proposed will or of the will as executed was ever exhibited to him. The parties interested have acted upon the assumption that in so far as applicable to this portion of her estate the will was executed pursuant to the agreement, which is clearly admissible on the question of her intention. *George* v. *George*, 186 Mass. 75. *Lydon* v. *Campbell*, 204 Mass. 580. While the covenant further provides, that with the approval of her counsel she could sell "any or all of said real estate," and the proceeds were to be held by a trust company "upon the trust to apply the net income" to her use during her life, "and upon her death to be held by the executor named in her will upon the trusts," the unmistakable object of the agreement is to make certain that the property described shall pass by some form of devise to the stepsons Stanhope C. Renwick and Frederick W. Renwick, and to effectuate this purpose the second, third and fourth clauses of the will read as follows:

"Second: I give, devise and bequeath all the real estate which I now hold . . . to my executor hereinafter named upon the trust to divide the same into two equal parts, the value thereof to be fixed by him and to convey one of such parts to Stanhope C. Renwick, son of my deceased husband, or in case he shall not then be living to his children, share and share alike *per stirpes,* subject to the fourth clause of this, my Will; and the other of such parts to hold, collect the rents, issues and profits and to apply the same to the use of Frederick W. Renwick, another son of my said husband, during the term of his natural life; and upon his death, if he shall die, leaving child or children, to divide such part among such children, in equal shares, and apply such income thereof, to the use of such child or children respectively, and to convey the share of each as they respectively attain majority; and if there be but one child to convey the same to him on his attaining his majority. And I give to my executor power and authority for the purpose of making such division or partition or as he may deem advantageous for the party interested therein, to sell and convey at such times, upon such terms and in such manner as he shall see fit, at public or pri-

vate sale, any or all of the real estate held by him in trust for my step-son, Frederick W. Renwick, or his children, the proceeds of such sale or sales to be held upon the same trusts stated herein. If at the time of my death Frederick W. Renwick, shall have died, leaving no issue him surviving, in such case I give and devise to Stanhope C. Renwick, the whole of my said real estate and the proceeds thereof.

"Third: If at the time of my death I shall have sold any of the real estate devised to me by my husband, and now held by me, and I reserve full power and authority to make such sale in my discretion, the proceeds of such real estate I give to my executor to be held upon the same trust and to be paid over in the same manner as I have provided relative to such real estate in case it shall not be sold by me; it being my wish and intention that the said real estate and the proceeds thereof shall, after my death go to the children of my said husband, if living, and if either be dead without issue to the survivor of them, or with issue to such issue *per stirpes* and not *per capita.*

"Fourth: I hereby authorize said Stanhope C. Renwick to provide by Will for the support and maintenance of his wife, Evelyn, in case of his decease before me, by devising and bequeathing to her a portion of the income of the property which he would take under this Will if living, not to exceed one-third of the income thereof and to direct that the remainder of the income be paid to her during the minority of his children for their support and education."

The stepsons survived the testatrix and it is obvious that the devise to Stanhope gave him an equitable fee in one half of the land or of the proceeds, if under the power reserved the testatrix converted the whole or any part into money. *Southard* v. *Southard*, 210 Mass. 347, 355. R. L. c. 135, § 22. But as Frederick, who died testate leaving a will duly admitted to probate wherein the respondent Macomber is the sole beneficiary, never had any children, and Stanhope survived him, the original petitioners, children and sole heirs of Stanhope, contend that their father became entitled to the whole estate. And the trustees having transferred to Macomber the proceeds of a part of the realty apparently converted by the testatrix, and their final account showing the transfer having been allowed without notice to them, the heirs of Stanhope ask to have the account reopened and the trustees charged

with this amount. *Parker* v. *Boston Safe Deposit & Trust Co.* 186 Mass. 393. See R. L. c. 150, § 17, as amended by St. 1907, c. 438.

It is a settled rule of construction that for the ascertainment of the intention of the testator words, sentences and clauses in the will may be transposed, if by the transposition his purpose is found and given effect. *Goddard* v. *Whitney*, 140 Mass. 92, 98. *Shattuck* v. *Balcom*, 170 Mass. 245, 251. *Thissell* v. *Schillinger*, 186 Mass. 180, 185. The second and third clauses are to be read together, and in the third clause after referring to what has preceded in both clauses, the testatrix says in conclusion, "it being my wish and intention that the said real estate and the proceeds thereof shall, after my death go to the children of my said husband, if living, and if either be dead without issue to the survivor of them, or with issue to such issue *per stirpes* and not *per capita.*" No amplification can add to the clarity of her fully expressed purpose. The will is in accordance with her covenant, and she never intended that this portion of her estate should fall into the residuary clause. It was to pass to the children of her husband or to their issue as a class. The division if both survived is based on an intended equality of participation. If Frederick died before her leaving no issue, Stanhope instead of one half was to have the whole of the property. If Frederick, who has a preceding estate for life, survived her, he took a remainder subject to be divested if at his death he left a child or children. And having died without issue, the remainder being part of his estate passed to the devisee named in his will. *Chauncey* v. *Salisbury*, 181 Mass. 516. *Cushman* v. *Arnold*, 185 Mass. 165, 169, and cases cited. *Smith* v. *Smith*, 186 Mass. 138. *Gilkie* v. *Marsh*, 186 Mass. 336, 340, 341. *Reed* v. *Reed*, 194 Mass. 216. *Walton* v. *Draper*, 206 Mass. 20, 23.

The record shows that the trustees, and Stanhope during his life, and after his death the petitioners, all construed the will as giving to Stanhope the property in dispute, and, the unconverted real estate having been conveyed to the petitioners, they further contend that the respondents are bound by the construction under which they acted. We are unable to adopt this view. It is the property of the testatrix which passes under the devise. If before the will is finally proved the parties interested, but who are in controversy over its provisions, enter into an agreement of compromise under R. L. c. 148, §§ 15–17, which is approved by the

court, the entire will nevertheless is admitted to probate, although the division of the property among the contracting parties depends upon the agreement, and not upon the will. *Parker* v. *New England Trust Co.* 215 Mass. 226. *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, 462. And if a settlement is effected apart from the statute either before or after proof, the will still stands, while the parties are relegated to their contractual rights which can be enforced either at law for damages or in equity for specific performance. *Baxter* v. *Treasurer & Receiver General,* 209 Mass. 459, 463. *Brandeis* v. *Atkins,* 204 Mass. 471, 474. *Sumner* v. *Crane,* 155 Mass. 483. See St. 1907, c. 447; *Bartlett* v. *Slater,* 211 Mass. 334. The trustees manifestly could not be compelled to administer the trust or dispose of the property except in accordance with the will, and if they acted erroneously when making a partial distribution, the petitioners did not thereby acquire an independent title to the remainder. *Brooks* v. *Hope,* 139 Mass. 351. *Wood* v. *Bullard,* 151 Mass. 324. *Dodge* v. *Lunt,* 181 Mass. 320.

The decree of the court of probate dismissing the petitions should be affirmed.

*Ordered accordingly.*