RALPH W. ELLIS, executor, *vs.* ISABELLE A. B. HUNT & others.

Hampden.    March 23, 1917. — July 11, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, & PIERCE, JJ.

*Compromise of Controversy Concerning Will.*

It here was *pointed out* that a compromise of a controversy concerning a will which the court may authorize under R. L. c. 148, § 15, is not a modification of the will but is merely an agreement of the parties interested, who, if they all are ascertained and in being and of age, can make such an agreement that will be binding irrespective of the statute.

The court has no jurisdiction under R. L. c. 148, § 15, to authorize an executor to adjust by compromise a controversy concerning a will by an agreement to which trustees to whom property is devised and bequeathed by the will are not parties.

PETITION, filed in the Supreme Judicial Court on January 8, 1917, under R. L. c. 148, § 15, by the executor of the will of Everett H. Barney, who died on March 31, 1916, for the authorization of a proposed compromise of a controversy regarding the allowance of that will and a codicil thereto.

On January 9, 1917, Charles E. Ladd and Theodore W. Leete, named as trustees in the will and codicil of Everett H. Barney, filed an intervening petition for leave to become parties respondent in the proceeding and on the same day their petition was allowed. Thereafter the intervening respondents Ladd and Leete filed the following plea:

"And now come Charles E. Ladd, of Springfield, in said county of Hampden, and Theodore W. Leete, of Longmeadow, in said county, and to the above named petition plead and say that they, together with one Walter P. Dodge, of said Springfield, are named as trustees in the instruments purporting to be the last will of Everett H. Barney and codicil thereto, mentioned in the first paragraph of said petition, that by said instruments said Everett H. Barney gave, bequeathed, and devised to them all the rest, residue and remainder of his property remaining after the payment of a specific bequest of one thousand dollars ($1,000) in trust for certain purposes named in said instruments, as appears by copies thereof, annexed to the above named petition and marked 'A' and 'B'; that they are devisees and legatees under said instruments, and that their interests as such devisees, legatees and trustees will be affected by the proposed agreement of compromise, a copy of which is annexed to the said petition and marked 'C';

"And they further plead and say that this honorable court has no jurisdiction to approve, ratify or confirm the said petition, or to grant the relief prayed for by said petition, because,

"First: They, the said Charles E. Ladd, Theodore W. Leete and Walter P. Dodge are not parties to the said agreement of compromise, and have not assented and do not assent thereto, as required by law and hereby expressly refuse to assent thereto;

"Second: Because this honorable court has no jurisdiction to compel them as such trustees, devisees or legatees, or as persons named as trustees, devisees or legatees as aforesaid, to assent to said compromise agreement or to become parties thereto;

"Third: Because the said agreement of compromise assumes to settle not only controversies between persons who claim as devisees and legatees under said instruments purporting to be the will of Everett H. Barney and codicil thereto, and the persons entitled to the estate of the deceased under the statutes regulating the descent and distribution of intestate estates, which are the only controversies that can be compromised under the provisions of R. L. c. 148, § 15, and acts in amendment thereof and in addition thereto; but also controversies which cannot be compromised except after the said instruments shall have been allowed as the will of said Everett H. Barney, and after the executors and trustees named therein shall have taken upon

themselves the performance of their respective duties under said will; that many of the provisions of the agreement of compromise affecting the interests of them, the said Ladd and Leete, as devisees, legatees and trustees as aforesaid, and particularly the provisions thereof which eliminate them as devisees, legatees and trustees under said instruments are of the class which cannot by law be compromised at this time and under said petition; and that as to said controversies the provisions of said agreement of compromise and the petition for the approval thereof are premature, and this honorable court is without jurisdiction to approve, ratify or confirm the same.

"Fourth: Because the said agreement of compromise assumed to impose upon the city of Springfield, a municipal corporation, certain trusts and the conduct of certain business enterprises, among which are the determination of the sum or sums of money to be paid to Adella V. Barney, the conduct and management of the real estate of the said Everett H. Barney, situated in the States of Massachusetts and Florida and elsewhere, and the conduct and management of a business corporation engaged in the manufacture of skates for profit, which trusts and enterprises are all beyond the powers of the said municipal corporation and against the policy of this Commonwealth respecting the same; and this honorable court is without jurisdiction or authority in law to approve, ratify or confirm the said agreement of compromise."

The case was heard by *Braley,* J. The respondents Ladd and Leete contended and asked the single justice to rule that they were "devisees or legatees whose interests" would be affected within the meaning of R. L. c. 148, § 15, by the proposed compromise and that, they not having assented thereto, the petition for compromise should be dismissed. At their request and with the assent of the petitioner, the single justice reported the case for determination by the full court, concluding his report as follows:

"In so far as any matter of discretion is involved, I should approve the compromise; but, if as matter of law the contention of the respondents is right, the petition is to be dismissed without costs and without prejudice. If their contention is wrong, a decree is to be entered confirming the compromise."

R. L. c. 148, §§ 15, 16, are as follows:

"Section 15. The Supreme Judicial Court shall have jurisdiction in equity to authorize the persons named as executors in an instrument purporting to be the last will of a person deceased, or the administrators with such will annexed, to adjust by arbitration or compromise any controversy between the persons who claim as devisees or legatees under such will and the persons entitled to the estate of the deceased under the statutes regulating the descent and distribution of intestate estates, to which arbitration or compromise the persons named as executors, or the administrators with the will annexed, as the case may be, those claiming as devisees or legatees whose interests will in the opinion of the court be affected by the proposed arbitration or compromise, and those claiming the estate as intestate, shall be parties."

"Section 16. If the court finds that any future contingent interests, which would arise under said will if admitted to probate, would be affected by the arbitration or compromise, it shall appoint some person or persons to represent such interests in such controversy, and the court shall have like power as to any bequests made in the will for charitable purposes, if no trustees have been appointed in such will; in both cases with such conditions as to costs as the court orders."

St. 1903, c. 222, gives the Probate Court concurrent jurisdiction of such cases.

*W. H. Brooks & E. H. Brewster,* for the petitioner.

*C. H. Beckwith,* for the City of Springfield.

*S. L. Whipple,* (*A. Lincoln* with him,) for the respondent Hunt.

*W. H. McClintock,* for the intervening respondents Ladd and Leete.

RUGG, C. J. This is a petition for authority to compromise a controversy respecting the probate of a will. Everett H. Barney died leaving two instruments, in form a will and codicil, whereby most of a large estate was given to three trustees upon elaborate trusts chiefly for the benefit of a park in the city of Springfield. A controversy as to the allowance of the will and codicil arose between the heirs at law and the executor. That controversy has been composed by an agreement to which confessedly all those interested are parties, including the Attorney General as representing the public, except those appointed trustees by the will. The question presented on this record is

whether such trustees are necessary parties to a proceeding under R. L. c. 148, § 15, asking the court to approve the compromise of such a controversy.

The purpose, operation and effect of that statute have been stated in several cases. *Elder* v. *Adams*, 180 Mass. 303. *Abbott* v. *Gaskins*, 181 Mass. 501. *Hastings* v. *Nesmith*, 188 Mass. 190. *Brandeis* v. *Atkins*, 204 Mass. 471. *Baxter* v. *Treasurer & Receiver General*, 209 Mass. 459. *Sherman* v. *Warren*, 211 Mass. 288. *Neafsey* v. *Chincholo*, 225 Mass. 12, 15. *Renwick* v. *Macomber*, 225 Mass. 380, 384, 385. The effect of these decisions as applied to the facts here presented is that proceedings under the statute are anomalous and its terms must be strictly complied with or there is no jurisdiction in the court to approve the agreement. The agreement for compromise, even when approved by decree of the court, is not in any accurate sense a modification of the will. The will as an entirety and in all its parts is established and admitted to probate. The court does not undertake to admit to probate a part of the will and to refuse to allow another part. But the agreement whereby the heirs at law on the one side and the devisees and legatees on the other have modified their rights under the will, is made matter of public record, its validity is approved by the court, and the duty of carrying out its terms is placed on those executing the will. The agreement is not incorporated into the will. The will stands by itself. Although the practice is to insert a clause in the decree of the court to the effect that the estate is to be administered in accordance with the agreement, yet the rights of the parties so far as they rest upon the agreement are contractual and not testamentary. The concessions made on the one side and accepted on the other take effect not because that is the will of the testator, but because that is the agreement of the parties. The changes wrought in the disposition of the property are not the result of changes in the will, but of concessions by the beneficiaries under the will to the heirs at law or among themselves as to the disposition to be made of the interests granted by the will. It is a change made, not in the expression of the will but in the volition of legatee or devisee as to what he is to do with the benefaction which he has received under the will. The Legislature has never undertaken to permit heirs at law and legatees to make a new will for a testator. There would be

a certain anomaly in recognizing testamentary power and in providing at the same time that after the maker of the will had died and his testamentary power gone forever, his disposition might be entirely frustrated. That would be a quite different matter from facilitating the making of valid contracts by competent legatees and devisees as to what they will do with that which they may receive under a will, subject to the supervisory power of the court to see that such contracts are just and reasonable toward all interests whether in being or future and contingent. Agreements of this nature are entirely valid outside of the statute. Their binding character as contracts has been recognized and enforced in equity both before and since the enactment of any statute authorizing courts to approve them. *Leach* v. *Fobes*, 11 Gray, 506. *Blount* v. *Wheeler*, 199 Mass. 330.

The statute by its terms does not go to the extent of empowering the court or the parties to eliminate a trust without a proceeding to which the trustees are parties. Its words are, the court has jurisdiction "to authorize the persons named as executors in an instrument purporting to be the last will of a person deceased, or the administrators with such will annexed, to adjust by arbitration or compromise any controversy between the persons who claim as devisees or legatees under such will and the persons entitled to the estate of the deceased under the statutes regulating the descent and distribution of intestate estates, to which arbitration or compromise the persons named as executors, or the administrators with the will annexed, as the case may be, those claiming as devisees or legatees whose interests will in the opinion of the court be affected by the proposed arbitration or compromise, and those claiming the estate as intestate, shall be parties."

It is manifest, from this analysis of the nature of an agreement for compromise and of the function of the court respecting it, that everybody who by the will is vested with a title to property which is to be affected by the agreement is a necessary party to any agreement to be approved by the court.

The will in the case at bar contains direct gifts of real estate as well as of personal property to the trustees. When the will is established, the legal title vests in them. The legal title to the real estate will vest in them by direct operation of the will. This inevitable effect of succession of legal title cannot be eliminated

by contract between the *cestuis que trust* and strangers, even though the strangers be the heirs at law of the testator. The *cestuis que trust* can make such contracts relating to their beneficial interest as may be permitted by the law. But they cannot without the assent of the trustees exclude them from being repositories of the legal title which is cast upon them by the will. No contract which shall require a transfer of that title can be effectual unless the persons who hold it are parties to that agreement. They are necessary parties to such a contract. The statute by express terms requires that the executor or administrator shall be a party to the contract. That is essential in order that he may be required to administer the estate according to the agreement rather than according to the will, which otherwise he would be obliged to follow. Either the trustees named in the will or those appointed by the court in their stead must make conveyance of the title vested in trustees under the will in question, in order that the terms of the proposed agreement may be carried out. The transfer of the title is an interest of the trustees in the subject matter of the compromise which will be affected.

The authorization contained in R. L. c. 148, § 16, that the court may appoint some person to represent any bequests for charitable purposes "if no trustees have been appointed in such will," is an implication that if trustees have been so appointed they are necessary parties. A trust not incapable of execution and not accomplished cannot be extinguished by mere agreement of parties. *Young* v. *Snow,* 167 Mass. 287. It was plainly intimated, if not expressly decided, in *Parker* v. *New England Trust Co.* 215 Mass. 226, that a trustee who is to be eliminated is a necessary party to such an agreement.

It is well known that the character, integrity, habits of thought and methods of business of the persons named as trustees often are potent factors with testators in determining the nature of trusts established by wills. This circumstance is entitled to consideration in deciding whether the Legislature intended to empower the other parties in interest by agreement to eliminate the trustees named by the testator without their becoming parties.

While there are cases holding that a trustee in some instances is not a person aggrieved by decrees as to the disposition of trust funds, *Nesbit* v. *Cande,* 206 Mass. 437, *Wiggin* v. *Swett,* 6 Met.

194, 197, *Bryant* v. *Thompson,* 128 N. Y. 426, there are other
cases where the trustee is held to have such an interest respecting
a trust fund that he may be a person aggrieved within R. L.
c. 162, § 9. *Ripley* v. *Brown,* 218 Mass. 33, and cases collected.
The legal interest of the one having title as trustee has been held
to be enough to entitle him to appeal. *Northampton* v. *Smith,*
11 Met. 390, 393. The principle of *Sears* v. *Choate,* 146 Mass. 395,
to the effect that a trust whose objects have been accomplished,
where the interests under it have all vested and where all parties
beneficially interested desire its termination, may be ended by
decree of the court, does not aid the petitioners. Such a trust
hardly could be terminated by a proceeding to which the trustees
were not parties.

If it be conceded that the right of the trustees to compensation
for their services does not constitute an interest in them in the sense
of the statute, so as to entitle them to a standing under *Ensign* v.
*Faxon,* 224 Mass. 145, and *Slater* v. *Hurlbut,* 146 Mass. 308,
that does not prevent them from being necessary parties.

The conclusion here reached rests upon the simple proposition
that no agreement as to the legal title to real or personal estate
can be complete and self effectuating unless the person who holds
that title is a party to it.

In accordance with the terms of the report, let the entry be,
petition dismissed without costs and without prejudice.

*So ordered.*