## JAMES F. REILLY & others *vs.* SELECTMEN OF BLACKSTONE & others.

Worcester.   September 25, 1928. — March 25, 1929.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Exceptions, Plea, Decree pro confesso. *Equity Jurisdiction,* Suit by ten taxable inhabitants. *Evidence,* Relevancy and materiality, Presumptions and burden of proof. *Waiver. Municipal Corporations,* Officers and Agents, Raising and appropriation of money.

The relief which may be obtained in a suit in equity by ten taxable inhabitants of a town under G. L. c. 40, § 53, has reference only to illegal payments which are about to be made and are immediately impending, and not to those which have been made; and in such a suit against certain officers of the town to restrain the payment of illegal salaries to the defendants, allegations in the bill concerning payments already made were not considered.

In the suit in equity above described the defendants filed a plea alleging that the payments sought to be restrained had been made previous to the time when the bill was filed; that the court therefore had no jurisdiction under G. L. c. 40, § 53; that G. L. c. 44, § 59, relied upon by the plaintiffs in the bill, had no application; and that the plaintiffs had an adequate remedy at law. The plaintiffs amended the bill by adding allegations that, if the payments had been made, they would be included illegally in the tax levy, but the plea did not appear to have been treated by the parties as applicable to such amendment. At a hearing of the suit upon the plea, the trial judge heard evidence offered by the plaintiffs "on the insufficiency of the plea." No evidence was offered by them to show that any illegal payments were about to be made. The defendants offered no evidence. At the end of the hearing the judge stated: "I find nothing in the evidence to show that this plea is insufficient, and in so far as any facts are alleged here I find them to be true and I sustain the plea." *Held,* that

(1) Although the form of the plea was incorrect since it set up matters of law as well as a single fact relied upon to defeat the suit, the plaintiffs, having proceeded to hearing of it and having offered evidence without objection to its form, could not thereafter make such objection;

(2) Upon the record, it was apparent that the hearing was upon the issue of fact raised by the plea;

(3) No relief under G. L. c. 44, § 59, could be had upon the allegations of the bill;

(4) Questions asked of the town treasurer as to money borrowed by the town, taxes collected, the funds out of which salaries had

been paid, and the balance in the town treasury at the end of a certain year; questions asked of the tax collector concerning commissions due him and his expectations as to commissions and the amount of taxes collected by him in certain years; and questions asked of the town clerk concerning his preparation of a certain list of appropriations, were all irrelevant to the matters contained in the plea and the amendment to the bill and rightly were excluded;

(5) The questions asked of the town treasurer as to borrowing by the town were not admissible to show ground for relief under G. L. c. 44, § 59;

(6) The plea was in substance negative, putting in issue the truth of the allegation contained in the bill that the illegal payments were about to be made; and the burden therefore was on the plaintiffs at the hearing to prove such fact, and not on the defendants to prove that the payments already had been made;

(7) The plaintiffs having failed to sustain that burden, the ruling of the judge was correct as a matter of law; and it was unnecessary to consider the effect of his finding that the fact alleged in the plea was true.

The plea in the suit in equity above described did not apply to a certain paragraph of the bill. No answer ever was filed by the defendants. The plaintiffs filed a motion that the bill be taken *pro confesso* "except as to the issues raised by the defendants' plea in bar alleging payment." The motion was denied, and no appeal was taken from such denial. The suit was before this court upon the plaintiffs' exceptions to the sustaining of the plea. *Held*, that the plaintiffs could not contend in this court that any part of the bill should be taken *pro confesso*.

The printed record of exceptions to the final decree in a suit in equity was confused and difficult to understand. In the disposition of the exceptions, this court considered a certain motion by the excepting party which was not included in such printed record, but which was set forth in the copies of the pleadings furnished under G. L. c. 212, § 11.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Worcester on June 8, 1928, and afterwards amended.

The bill and further pleadings are described in the opinion. The suit was heard by *Carroll*, J., upon the defendants' plea in bar, which was sustained. A final decree was entered by order of the single justice dismissing the bill. The plaintiffs alleged exceptions.

The plaintiffs' offer of proof made during the tax collector's testimony was to the effect that the witness was paid a commission in February, 1927, for the collection of the taxes for 1924 and 1925; that he had not been paid any

commission for taxes collected since then; that the tax levy for 1928 had not been made up nor the warrant committed to the witness; and that he expected a commission on such collections.

G. L. c. 44 is entitled "Municipal Finance." Section 59 reads as follows:

"The supreme judicial or superior court, by mandamus or other appropriate remedy, at law or in equity, upon the suit or petition of the attorney general or of the mayor, or of one or more taxable inhabitants of a city, town or district authorized by law to incur debt, or of any creditor to whom it is indebted to an amount not less than one thousand dollars, may compel such city, town or district, and its assessors, collectors, treasurers, commissioners of sinking funds and other proper officers, to conform to this chapter."

The case was submitted on briefs.

*F. W. Morrison,* for the plaintiffs.

*F. W. McCooey & L. M. Harlow,* for the defendants.

RUGG, C.J.   This case comes before us by exceptions. The record is confused and difficult to understand. This illustrates the wisdom of the oft-repeated remark that it is better equity practice to bring a case to the full court by appeal from a final decree. We must take the case as presented and deal with the record as we find it.

It appears from the copies of papers sent us that a final decree was entered before the exceptions were filed. No question of practice in these circumstances has been argued or considered. See G. L. c. 214, § 25, St. 1926, c. 177; St. 1928, c. 306; *Sullivan* v. *Roche,* 257 Mass. 166, 170; *Romanausky* v. *Skutulas,* 258 Mass. 190, 192; *Siciliano* v. *Barbuto,* 265 Mass. 390.

It is stated in the exceptions that this is a suit by twelve taxpayers of the town of Blackstone "under the provisions of G. L. c. 40, § 53 and c. 44, § 59." The defendants are the selectmen, assessors, town clerk, treasurer, tax collector and sealer of weights and measures of that town. The allegations of the bill are voluminous. Summarized, so far as material to this decision, they are to the effect that the salaries of the several defendants prior to March 24, 1928, were

fixed by a section of a by-law of the town, and that salaries as thus fixed were paid to the several defendants in 1927. At a special town meeting held on March 24, 1928, upon an adequate article in the warrant, that section of the by-law was repealed. Upon another article in the same warrant it was voted to raise and appropriate for services of the officers of the town for each of the years 1927 and 1928 sums in excess of those fixed by the by-law of 1927. The increases for the year 1927 in excess of the amounts fixed by the by-law are about to be paid. A list of town officers and the amounts thus voted to them are set forth in paragraph 13 of the bill. The collector of taxes is not there named, but allegations as to him are set forth in paragraph 20 of the bill. The allegations as to the collector of taxes are different from those as to the other town officers. It is averred that at the annual town meeting held on March 14, 1927, there was an article in the warrant in substance to see if a change should be made in the compensation to be paid the collector of taxes, and that a vote was passed thereunder amending the town by-law on this subject by increasing such compensation to one and one half per cent of the total tax levy, payable in specified instalments as collections were made; that this amendment to the by-law was never submitted to the Attorney General for his approval or published as required by G. L. c. 40, § 32, and hence never became operative; that the preëxisting by-law on this subject was repealed by vote of the town meeting of March 24, 1928, and that hence no compensation is due the collector of taxes but that payments to him of compensation at the rate of one and one half per cent on the tax levy have been or are about to be paid to the collector of taxes contrary to law.

There are other allegations of illegal payments during past years to several defendants from the treasury of the town, with prayers for return thereof. These are all laid to one side because not proper for inquiry in this proceeding, which is designed not for the correction of completed wrongs but for the prevention of those voted and immediately impending. *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, 260. No question was raised as to the form of the bill.

The defendants filed a "plea in bar" in four paragraphs: (1) that the increases in salaries for 1927 "as set forth in paragraph 13 of the bill," payment of which was sought to be restrained, had all been paid prior to the bringing of the suit; (2) that the court had no jurisdiction under G. L. c. 40, § 53, since the salaries had already been paid; (3) that G. L. c. 44, § 59, cited in the bill, had no application to the subject matter of the complaint; (4) that as to overpayments for previous years there was a plain and adequate remedy at law and no relief could be afforded in this proceeding.   It is to be observed that the plea in paragraph 1 refers only to the allegations in paragraph 13 of the bill (which include numerous town officers but not the collector of taxes) and does not specify paragraph 20 of the bill relating to the collector of taxes, nor refer to it in any way.   The allegations of that paragraph were not put in issue by the plea and there was no answer to that part of the bill.

As a plea in equity this was open to criticism.   The proper office of such a plea is to set forth some single fact or point, the establishment of which will defeat the suit or the part of it to which the plea applies. *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148, and cases there cited.   *Chapin* v. *Coleman,* 11 Pick. 331, 336.   *Crease* v. *Babcock,* 10 Met. 525, 543, 544.   *Hancock* v. *Carlton,* 6 Gray, 39, 53, 54, 63. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108, 110.   *Farley* v. *Kittson,* 120 U. S. 303.   The first paragraph of the plea sets up a fact; the other paragraphs set up points of law. But the form of the plea was not challenged.   It may be treated as a double and defective plea presented and tried without objection.   See *Bailey* v. *Hemenway,* 147 Mass. 326; *Parker* v. *New England Trust Co.* 215 Mass. 226; *Ellis* v. *Hunt,* 228 Mass. 39; *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 385; *Rhode Island* v. *Massachusetts,* 14 Pet. 210, 259. No replication to the plea was filed by the plaintiffs.   One could not be filed except by leave of court.   G. L. c. 214, § 14.   Equity Rule 16 (1926).   Ten days after the plea was filed the plaintiffs by leave filed an amendment adding a paragraph to their bill and alleging therein facts by way of reply to the plea to the effect that the payments, if made as

set out in the plea, had been made out of such funds that nevertheless they would be included in the tax levy contrary to law. Numerous prayers, also, were added by way of amendment seeking additional relief against the tax levy. It is stated in the exceptions that the "defendants were then given an opportunity to answer further and counsel for the defendants stated in open court that a denial under the equity rule would be filed to the allegations contained in the amendment (paragraph 31) to the plaintiffs' bill of complaint." Whatever this may mean, see *Burke* v. *McLaughlin,* 246 Mass. 533, 537, no such answer is before us. The propriety of these amendments has not been questioned and is not before us. No answer whatever was filed. No pleading was filed touching the allegations of paragraph 20 as to the collector of taxes. There is nothing in the record on this point. In this state of the pleadings the case came on to be heard (as stated in the exceptions) "upon the defendants' plea in bar and upon evidence relating to the allegations contained in the plaintiffs' amendment to their bill." The pleadings were manifestly inadequate. It has been suggested in argument that the allegation of paragraph 20 of the bill ought to be deemed to be confessed under Equity Rule 6 (1926), because not denied in the answer. But there is no answer whatever. The plaintiffs took no steps to have this part of their bill taken for confessed so far as disclosed by the exceptions. When the pleadings have been so loose as in the case at bar, and upon this state of the record, this equity rule cannot be invoked by the plaintiffs for the first time at this stage of the case. However, it appears from the copies before us (G. L. c. 212, § 11) that the plaintiffs filed a motion praying that the bill be taken for confessed against the defendants "except as to the issues raised by the defendants' plea in bar alleging payment." An interlocutory decree was entered denying the motion. From this decree no appeal was taken. Manifestly the plaintiffs cannot with propriety urge now that any part of the bill ought to be taken for confessed.

The trial was had upon the plea. When filed the plea applied only to the original bill before paragraph 31 was

added by amendment.   It is stated in the copy of the final decree, which has been furnished under G. L. c. 212, § 11, that the case was heard upon the plea "which by agreement of the parties shall apply to the amendments to the bill of complaint."   Nevertheless, the parties seem to have treated the facts set up in paragraph 31, added to the bill by amendment, as subject to the answer which counsel for the defendants stated would be filed later, but which is not in the record and so far as we know never has been filed.

The case came on to be heard upon this state of the pleadings.   Apparently the single justice at first thought that the hearing was upon the sufficiency of the plea in its several aspects as matter of law and not upon the truth of the fact therein set forth.   *Cole* v. *Wells,* 224 Mass. 504, 512.   *Berenson* v. *French,* 262 Mass. 247.   But the plaintiffs persisted in offering evidence and finally the single justice said that he would hear all evidence offered on the insufficiency of the plea.   If the sufficiency of the plea as matter of law was the single matter to be heard, no evidence rightly could be introduced.   *Dorsey* v. *Corkery,* 227 Mass. 498, 500.   The ruling that evidence would be received, coupled with the finding at the end of the hearing, leads to the conclusion that the trial was finally had as to the truth of the fact set up in the plea.   *Prunier* v. *Schulman,* 261 Mass. 417.   The plaintiffs cannot complain because, instead of challenging the plea as matter of law and standing upon that ground, they insisted upon the introduction of evidence.   *Volpe* v. *Sensatini,* 249 Mass. 132, 134.   Moreover, it is stated in the exceptions that the case was heard upon the plea and upon the allegations in the amendment to the bill.   The finding and ruling made at the end of the hearing was this: "I find nothing in the evidence to show that this plea is insufficient, and in so far as any facts are alleged here I find them to be true and I sustain the plea."   To this the plaintiffs excepted.

So far as this was a ruling of law upon the sufficiency of the plea as to the allegations of paragraph 13, it was right.   The plea, if true in fact, was sufficient in point of law to be a bar to that part of the bill.   *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258.   No facts alleged in the bill support a

case under G. L. c. 44, § 59. This ruling was right, also, with respect to the three paragraphs of the plea setting up points of law.

The town treasurer was called as a witness by the plaintiffs and was asked questions as to money borrowed by the town, and taxes collected, and the funds out of which salaries had been paid, all of which rightly were excluded as irrelevant to the issue of fact raised by the plea. He then was asked whether he had paid the several salaries of the town officers for the year 1927 under the vote of March 24, 1928. On objection by the defendants, that question was excluded. No offer of proof was made as to the answer expected and therefore it cannot be known that the plaintiffs were injured. Hence that exception must be overruled. *Cook* v. *Enterprise Transportation Co.* 197 *Mass.* 7, 10. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205, 215. *C. F. Hovey Co., petitioner,* 254 Mass. 551, 555. *Paulink* v. *American Express Co.* 265 Mass. 182, 185, 186. The burden is upon the excepting party to set out enough in the bill of exceptions to show that he has suffered harm by an erroneous ruling. *Posell* v. *Herscovitz,* 237 Mass. 513, 517. This disposes of all other exceptions to the exclusion of questions where no offer of proof of the answers expected was made. As to most such exceptions there was no error on other grounds, but they need not be examined in detail. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 386.

The first exception was to an offer of proof while the tax collector was on the witness stand. That offer had no relevancy to the distinct fact presented by the plea, namely, that all the increases in salaries for 1927 as alleged in paragraph 13 of the bill had been paid before the suit was brought. It was not competent on other issues. The offer was excluded rightly. The same witness was asked about his expectations as to commissions, commissions due him, and the amount of taxes collected by him for the years 1927 and since January 1, 1928. No one of these questions had a bearing upon the matter set up in the plea or in paragraph 31 added to the bill by amendment. The same is true of numerous questions put to the town clerk concerning his preparation of the list

of appropriations since the tax levy of 1927 to submit to the assessors.

The several allegations of the bill rightly and necessarily were to the effect that money was about to be paid wrongfully and illegally by the treasurer of the town.    It was essential to the plaintiff's case under the statute to allege and to prove that these payments or some of them were about to be made. The statute affords relief only when such facts are proved. If the plaintiffs fail to establish them by a fair preponderance of the evidence, they must fail.    *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258, 260, 261, and cases there collected.    *Morse* v. *Boston,* 260 Mass. 255, 264.    The plea set up the fact that these payments had been made before the suit was brought.    This in substance and effect was a negative plea and put in issue a single fact or series of facts alleged in the bill and vital to the maintenance of the case as to which the plaintiffs seek relief.    *Crease* v. *Babcock,* 10 Met. 525, 528.    This plea both in form and substance challenged the truth of the plaintiffs' allegations that the money was about to be paid out illegally by asserting that it had already been paid out.    It was not a pure or affirmative plea setting up a fact outside the record.    The burden of proof on a negative plea is upon the plaintiff, while the burden of proof upon a pure or affirmative plea is upon the defendant. *Stephens* v. *St. Louis Union Trust Co.* 260 Ill. 364, 368. *Vacuum Oil Co.* v. *Eagle Oil Co.* 154 Fed. Rep. 867, 869, affirmed in *Eagle Oil Co.* v. *Vacuum Oil Co.* 89 C. C. A. 463. The burden of proof rests upon the party who has the affirmative of the issue.    The affirmative issue resting upon the plaintiffs at the outset by the necessary allegations of the bill was to prove that money was about to be paid out illegally by the officers of the town.    The defendants by the plea did not assume the burden of proving that the money had been paid out because, if the mind of the court in the end on full trial of the facts should be in even balance or in doubt on the point whether the money had been paid out or was about to be paid out, the plaintiffs would fail to sustain the burden of proof resting on them and therefore fail in their suit.    This burden of proof did not shift but remained

upon the plaintiffs throughout. This branch of the case is covered in principle by numerous decisions. *Wylie* v. *Marinofsky*, 201 Mass. 583, and cases there cited. *West End Manuf. Co.* v. *P. R. Warren Co.* 198 Mass. 320, 324. *Hughes* v. *Williams*, 229 Mass. 467, 470. *Gold* v. *Spector*, 247 Mass. 110. *McCarthy* v. *Simon*, 247 Mass. 514, 521.

The plaintiffs introduced no evidence whatever to support the essential allegation of their bill to the effect that money was about to be paid out illegally by the treasurer of the town to the town officers named in paragraph 13. The testimony of the tax collector that he had not been paid any increases in salary or any salary for 1927 was irrelevant upon the plea because the plea did not touch the allegations of the bill concerning him. The defendant offered no evidence. The state of the case at the close of the hearing was that there was no evidence to support a finding sustaining the allegations of fact in the bill as to the expenditure of public money about to be made contrary to law so far as such allegations were put in issue by the plea. Therefore the plaintiffs failed to sustain the burden of proof resting on them. The only course open to the single justice was to sustain the plea. The order to that effect was right as matter of law. This ruling must be sustained because it was correct on the state of the pleadings and on the issues raised thereby. *Brasslavsky* v. *Boston Elevated Railway*, 250 Mass. 403, and cases collected. *R. J. Todd Co.* v. *Bradstreet Co.* 253 Mass. 138, 143. It becomes unnecessary to consider the soundness of the reason for that order given by him to the effect that he found the fact of the plea to be true. A right decision will be supported even though the reason stated for it may be wrong. *O'Keeffe* v. *John P. Squire Co.* 188 Mass. 210, 211. *Boyd, petitioner,* 199 Mass. 262. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384. *Noyes* v. *Caldwell*, 216 Mass. 525, 527. *Putnam* v. *United States Trust Co.* 223 Mass. 199, 203. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 36. *Crawford* v. *Roloson,* 254 Mass. 163, 168. *Wong Doo* v. *United States,* 265 U. S. 239, 241.

While the town treasurer was testifying, he was asked by

counsel for the plaintiff, "What balance was in the town treasury on the 31st of December, 1927, of the town of Blackstone? . . . How much money have you borrowed for the town, or has the town borrowed since January 1, 1928, in anticipation of taxes?" Both these questions were excluded subject to exception. Thereupon counsel for the plaintiff said, "my contention is in connection with this offer of proof that the town has not raised the money, that the money was voted to be raised and appropriated and what they have done is to pay it out of the general funds of the town or out of money borrowed in anticipation of taxes." This would indicate that the plaintiffs were proceeding on the theory that the money had been paid as alleged in the plea. That offer of proof was excluded and hence cannot be invoked to support the finding. *Commonwealth* v. *Coughlin,* 182 Mass. 558. But it bears some indication that in any event the plaintiffs have suffered no harm.

If this be treated as an offer of proof under paragraph 31 of the bill added by amendment, there was no reversible error. It was not responsive to the questions. *Hallwood Cash Register Co.* v. *Prouty,* 196 Mass. 313, 315. *Commonwealth* v. *Sansone,* 252 Mass. 71, 74. It does not show ground for relief under G. L. c. 44, § 59. No suggestion of its pertinency in that connection was made at the time.

*Exceptions overruled.*